GEORGE GREENE, Defendant in Error, v. MARTIN GALLAGHER, Plaintiff in Error.

*Practice—Trial—Evidence.*—The evidence offered at the trial must be applicable to the issues made by the pleadings.

*Practice—Objections to Evidence.*—Where objections are offered to the admission of evidence, the reason for the objection must be stated.

*Practice—Amendment.*—Amending the pleadings at the trial, is a matter within the sound discretion of the court.

*Error to St. Louis Circuit Court.*

*R. F. Wingate,* for defendant in error.

*C. D. Colman,* for plaintiff in error.

BATES, Judge, delivered the opinion of the court.

This action was brought to recover as damages the value of several articles of personal property of the plaintiff, which came to the possession of the defendant, and which he refused to deliver to the plaintiff when requested. The answer denied the plaintiff's right to the property, and averred " that the goods and chattels aforesaid are the property of

the estate of William Gallagher, deceased, intestate, whose widow and administratrix by her subsequent marriage with the plaintiff forfeited her letters of administration ; that an administrator *de bonis non* had been since appointed, to whom the defendant had delivered the goods and chattels aforesaid as required by law, or if he hold them, or any part of them, holds them as bailee of the said administrator."

From the evidence given at the trial it appeared that the plaintiff had married the widow of William Gallagher, and they lived at the same place where said William had lived in his lifetime, and had there the property, the subject of dispute ; some of which he had bought himself, some of which his wife had bought during her widowhood, and a few articles of inconsiderable value had been the property of William Gallagher, which were retained by the plaintiff's wife as widow of William Gallagher, deceased. The defendant, who was a son of William Gallagher, lived at the same place, and having a quarrel with the plaintiff, drove him away and refused to deliver to him the property.

During the progress of the trial the defendant offered to prove that the articles purchased by plaintiff's wife during her widowhood were purchased with money of the estate of William Gallagher, deceased. Upon objection of the plaintiff, the court excluded this evidence, with obvious propriety.

The defendant also offered to prove that the property bought and taken to the place by the plaintiff, was bought by the defendant and plaintiff as partners ; which was excluded by the court with like propriety. The defendant had set up by his answer, that the whole of the property belonged to the estate of William Gallagher. The defendant then asked leave to amend his answer so as to set up that some of the property belonged to him and the plaintiff as partners. Leave to amend was refused. The court apparently exercised its discretion soundly in refusing the leave to amend. When the original answer is remembered, it appears to be certain that the proposed amendment was not " in furtherance of justice."

The defendant then offered to prove that all of the property had been taken by the then administrator of William Gallagher, and sold by him, and the price at which it was sold at public auction. This was properly excluded. His answer set up that he himself had delivered it to the administrator; and if so, that was no defence. If it was the property of the plaintiff, he had no right to deliver it to the administrator; if it was not the plaintiff's property, it was immaterial who had acquired possession of it; and the auction sale of property, the title to which was in dispute, was no evidence of the value of the property.

The plaintiff then offered in evidence a copy of the inventory of the estate of William Gallagher, as filed in the probate court, to which the defendant objected, and the objection was overruled. The record does not show the grounds of the objection, and therefore it cannot be reviewed.

The court gave several instructions at the instance of the plaintiff, to which no objection was made or exception taken by the defendant.

The defendant asked several instructions, all of which were refused. The four first had reference to the proof of a demand of the property by the plaintiff from the defendant, and were properly refused because a demand was admitted, it having been stated in the petition and not denied in the answer. The fifth and sixth were inapplicable to the case made in evidence, and the last was that there was no evidence of the value of one of the articles of property in dispute. The bill of exceptions does not give the evidence in detail, but only the substance of it, and contains a statement as to all of the property, that "the plaintiff also adduced proof tending to establish the value of said property at the time charged to have been converted by the defendant." Clearly the instruction was properly refused.

Judgment affirmed. Judges Bay and Dryden concur.