HICKS et al. v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1.  **Railroads**: DAMAGES: EVIDENCE, NOT RELEVANT TO THE ISSUES. In an action for damages against a railroad company for ejecting a passenger from a train at a station short of that for which she had procured a ticket, evidence offered by the defendant to prove a regulation of the company forbidding such train to stop at the station to which the ticket had been purchased, when such regulation was not set up in the answer, was properly rejected as not relevant under the issues made by the pleadings.

2.  ——: ——: ——, THE REJECTION OF WHICH CAUSES NO PREJUDICE. The rejection of cumulative evidence, even if in strictness receivable, is no ground of reversal, where it appears that the complainant was not prejudiced thereby.

3.  ——: ——, PUNITIVE: INSTRUCTIONS AS TO, JUSTIFIED BY THE EVIDENCE. Plaintiff testified that after the purchase of her ticket from Kansas City to Utica, she exhibited it to the baggage master who

68 329
41a 306
41a 312
68 329
51a 280
68 329
119 343
68 329
100a ³ 74
68 329
102a ³611

checked her baggage to Utica, and it was put upon the train by the agents of the company, who assisted her in getting into a car of the same train; that upon the arrival of the train at a station some miles short of Utica, upon her refusal to get off at that station as requested by the conductor, he used profane and threatening language to her, and thereupon sent a brakeman, who took her little girl, thereby compelling her to follow with her baby, and leave the train at nine o'clock at night; that she was compelled to remain, in the dark and exposed to the cold, for half an hour until the freight train came along, and was made sick by the exposure; *Held*, that upon this evidence the trial court was justified in refusing an instruction asked by the defendant, that the plaintiff could not recover punitive, but only actual damages.

4.  **Railroads:** COUNTIES IN WHICH SUITS AGAINST MAY BE BROUGHT. Under the statute, (1 Wag. Stat., § 28, p. 294,) suits may be brought against railroad companies in any county where such companies have or usually keep an office or agent for the transaction of their usual or customary business.

5.  ———: INSTRUCTIONS. Instructions, with no support in the evidence, are properly refused.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

The plaintiff asked the following instructions, which were given by the court:

1. If the jury find from the evidence that the plaintiff, Mrs. Hicks, purchased of defendant a ticket for herself and two infant children for the purpose of being carried as a passenger over defendant's railroad from Kansas City to Utica, Missouri, and that defendant then and there received Mrs. Hicks with her said children on its train as a passenger aforesaid, and that defendant, by its conductor, servants or employees, compelled Mrs. Hicks and her children to leave said train at Breckenridge, Missouri, and before reaching her destination, then such act on the part of defendant was unlawful, and the jury must find for plaintiffs.

2. If the jury find for plaintiffs, they will, in estimating the damages, take into consideration all the facts and

circumstances of the case given in evidence, and give such amount as they may consider an adequate recompense for the injury sustained by plaintiff, Mrs. Hicks; and if the jury find from the evidence that Mrs. Hicks was put off the train on which she was riding before reaching Utica, Missouri, by defendant, its servants, agents or employees, and that the same was .done in a willful, wanton or reckless manner, and against the will of Mrs. Hicks, then the jury may give, in addition to what they may consider an adequate recompense for the injury aforesaid, such other damages as may serve for a wholesome example to others in like cases.

3. The defendant having received Sarah A. Hicks, one of the plaintiffs, and her two infant children, into their passenger cars at Kansas City, Missouri, she first having purchased her ticket entitling her to be carried from said Kansas City, Missouri, to Utica, Missouri, were bound to so carry her in said passenger car as a passenger.

4. If the plaintiff, Sarah A. Hicks, and her two infant children, were ejected from defendant's passenger car, where she and her children had a right to be, at Breckenridge, Mo., while being conveyed by defendant from Kansas City, Missouri, to Utica, Missouri, on or about the 9th day of September, 1874, she and her children not being permitted to travel further on said passenger train, then the jury must find for plaintiffs.

5. The unlawful ejectment of plaintiff, Sarah A. Hicks, from defendant's passenger car, where she as a passenger had a right to be, any space of time, entitles her to a judgment.

6. The jury are instructed that the plaintiff's right to recover a judgment against defendant is not affected by the length of time she had to wait for another train.

The defendant asked the following instructions, of which the court gave the first and second, and refused the third, fourth, fifth and sixth:

1. The jury are instructed that although they may

believe from the evidence that plaintiff did purchase a ticket from Kansas City to Utica, Missouri, and that at Breckenridge the plaintiff was requested and did take another train at defendant's instance, yet the plaintiff cannot recover unless the jury believe by said acts of defendant the plaintiff, Sarah Ann, was actually damaged.

2.    Before the jury can find for plaintiff a greater sum than she was actually damaged, they must find that the defendant used physical force, or such threats of violence as to put the plaintiff in fear of violence to her person, or the persons of her children, if she did not abandon the passenger car on which she was riding and take a freight train.

3.    In this suit the plaintiff is not entitled to punitive damages, or smart money, and the jury can only find actual damages sustained.

4.    Unless the jury believed that the plaintiff received actual damage at the hands of defendant, in Livingston county, they must find for defendant.

5.    Although the jury may believe from the evidence that the plaintiff, Sarah, was a passenger on defendant's railroad, and held a ticket from Kansas City to Utica, and that she was compelled to get off the passenger train at Breckenridge and take a freight train, yet they cannot find for plaintiff unless they believe from the evidence that plaintiff was actually damaged, and if they find for plaintiff they can do so only in the actual amount plaintiff was damaged.

6.    If the jury believe from the evidence that Utica station was not a junction of another railroad with that of defendant's road, then defendant had a right to make regulations as to what trains should stop at said Utica station, and if it was one of the regulations of defendant that train No. 4 did not stop at said Utica station, then defendant had a right to transfer plaintiff to some train that did stop at said station, and if the jury believe from the evidence that plaintiff was transferred to another train and carried

to said Utica station, without unreasonable delay, they will find for the defendant.

*Geo. W. Easley* for appellant.

The sale of the ticket was not a contract to carry on any particular train, but a contract to carry within a reasonable time in accordance with defendant's reasonable regulations. It was defendant's duty to the public to run its trains according to its announced regulations; and it was the duty of Mrs. Hicks to inform herself when, and upon what train she could go to Utica in accordance with these regulations, and if she failed to do so, or made a mistake, she was without remedy. 2 Redfield on Ry., (5 Ed.) p. 283, § 5; Pierce's Am. R. R. Law, 489; *Pittsburgh, &c., Ry. Co. v. Nuzum*, 50 Ind. 141; *Cheney v. Boston & Maine R. R. Co.*, 11 Met. 121; *Boston & Lowell R. R. Co. v. Proctor*, 1 Allen 267; *Johnson v. Concord R. R. Co.*, 46 N. H. 213; *Southern R. R. Co. v. Kendrick*, 40 Miss. 374.

2. A conductor cannot be guilty of malice and wantonness when he is, in a proper manner, carrying out the regulations that his company has rightfully made. *Goetz v. H. & St. Jo. R. R. Co.*, 50 Mo. 472; *Kennedy v. North Mo. R. R. Co.*, 36 Mo. 364; *Philadelphia, &c., R. R. Co., v. Quigley*, 21 How. 202.

3. By plaintiff's fifth and sixth instructions the case was made to turn upon the loss of time by the wife. For none of these causes could the wife recover. These damages pertained to the husband. *Daly v. Houston*, 58 Mo. 361; *Smith v. City of St. Joseph*, 55 Mo. 456; *Barnes v. Martin*, 15 Wis. 240; Hill on Torts, (2 Ed.) p. 694; 1 Bishop on Married Women, § 913; Redfield on Carriers, §§ 409, 410; Pomeroy on Remedies, § 242.

*W. N. Norville* and *L. T. Collier* for respondent.

1. The suit was brought in the proper county, and the court below committed no error in overruling the motion

to exclude all evidence under the petition for want of jurisdiction. 1 Wag. Stat., § 28, p. 294; *Dixon v. H. & St. Jo. R. R. Co.*, 31 Mo. 410; *Slavens v. South P. R. R. Co.*, 51 Mo. 308; *Mikel v. St. Louis, K. C. & N. R. R. Co.*, 54 Mo. 145.

NORTON, J.—This suit was instituted in the Livingston county circuit court for damages. The petition alleged the incorporation of defendant, and that, on the 9th day of September, 1874, Mrs. Sarah Hicks, wife of her co-plaintiff, F. M. Hicks, and her two infant children, were received by defendant, into its passenger train, at Kansas City, Missouri, to be carried to Utica, Missouri, she having purchased a ticket for passage between said points; that on the arrival of said train at Breckenridge, a station about ten miles west of Utica, the defendant, by its conductor and agents, by force, and against the will, consent and protest of Mrs. Hicks, ejected and put her out of said passenger train at about the hour of ten o'clock at night, where she remained exposed to the cold for about one hour, when a freight train arrived on which she took passage and was carried to Utica; that in consequence thereof, she and her children were greatly exposed and made sick, and that she had sustained damage in the sum of $1,000. Except as to the incorporation of defendant, the answer contained a specific denial of the allegations of the petition. On a trial of the cause plaintiffs obtained judgment for $700—$200 of which was remitted—and from this judgment defendant has appealed, and assigns for error the action of the court in refusing to receive legal evidence, and in giving improper and refusing proper instructions.

I. During the progress of the trial defendant asked witness McCoy who was telegraph operator at Utica, what defendant's regulations were as to passenger train No. 4 (which was the train on which Mrs. Hicks took passage) stopping at Utica station? The court refused to allow the witness to answer.

It will be observed that the answer of defendant does not set up any regulation of the company requiring said

1. RAILROADS: damages: evidence, not relevant to the issues.

train not to stop at said station. It only traverses the petition and puts in issue the facts therein alleged. The evidence offered was not relevant to any issue made by the pleadings. If defendant intended to rely upon a regulation of the company, showing that the train upon which Mrs. Hicks was a passenger, did not stop at Utica, it should have been pleaded and set up in the answer, so as to have afforded plaintiffs an opportunity of putting it in issue, and preparing to meet it at the trial. No such issue having been tendered in the pleadings, it could not be made in the evidence. *Greene v. Gallagher*, 35 Mo. 226.

Defendant, after showing by the conductor of the freight train, which carried the plaintiff from Breckenridge to Utica, that it left the former place ten

2. ——: - ——:

minutes behind the passenger, and by McCoy, the agent of defendant at Utica, that it reached the latter place fifteen minutes behind the passenger, offered the register kept by the train dispatcher, for the purpose of showing that the passenger train left Breckenridge at 8:53 p. m., and arrived at Utica at 9:20 p. m., and that the freight left Breckenridge at 8:55 p. m., and arrived at Utica at 9:35 p. m. This evidence the court rejected. As plaintiff's right to recover was not dependent on the length of time she remained at Breckenridge, and as the facts sought to be proven by the register had been fully established by the evidence of the agent at Utica and the conductor of the freight train, the rejection of the evidence even if, in strictness, it was receivable, will not justify a reversal, it not appearing that defendant was prejudiced thereby.

II. The instructions given by the court are applicable to issues made in the pleadings, and are justified by the evidence. Mrs. Hicks, who was examined as a witness, testified that after purchasing her ticket at the office of

defendant in Kansas City, she exhibited it to the baggage master who checked her baggage to Utica; that it was put on the train in question by defendant's agents, and that they assisted her in getting into the car; that, after the train had left Kansas City the conductor told her he would not stop at Utica, that upon the arrival of the train at Breckenridge, a station some miles distant from Utica, she was requested to get off, which she declined to do, whereupon the conductor used harsh language and swore at her, and said by G—d if you don't get off I will have a man put you off, and thereupon sent a brakeman who took her little girl and she took her baby and basket and followed him; that this occurred about nine o'clock at night, that she remained at Breckenridge in the dark, and exposed to the cold for about one-half hour, when the freight train came along, to get into which she had to walk in the dark with her children the length of thirty cars; that she arrived at Utica between ten and eleven o'clock, and was made sick by the exposure to which she had been subjected. It was also shown by another witness that the passenger train did, in fact, stop at Utica and put off the baggage of Mrs. Hicks, and by another that it stopped because a freight train was in the way. In the estimation of damages the jury were confined by the instructions given for plaintiffs, as well as those given for defendant, to the damage sustained by Mrs. Hicks, and are not, therefore, subject to the objection made by defendant that, under plaintiffs' instruction, the jury were authorized to give damages for the time lost by Mrs. Hicks. The fifth and sixth instructions simply declare that her right to a judgment was not affected by the length of time she was compelled to wait for another train. They did not direct nor authorize a recovery for loss of time, and are not inconsistent with the second instruction given for plaintiff, or the first given for defendant. The suit was prosecuted in favor of the wife, as the meritorious cause of action, to recover for personal injuries and physical suffering sustained by her, and to such recov-

ery she was confined by the instructions. The husband was but a nominal party, and no recovery was sought by him for injuries to the wife. *Smith v. City of St. Joseph*, 45 Mo. 449, and 55 Mo. 456.

Defendant's third instruction, which asked the court to tell the jury that plaintiff could not recover punitory,

**3. ———; ———: punitive: instructions as to, justified by the evidence.** but only actual damages, was properly refused. "When malice, violence, oppression or wanton recklessness mingle in the controversy, vindictive damages may be allowed." *Kennedy v. North Mo. R. R. Co.*, 36 Mo. 364. The plaintiff, with two infant children, had intrusted herself to defendant to be carried to her destination. The conductor in violent, unbecoming and insulting language, threatened to eject her from the train, and sent a brakeman to execute the threat, who did execute it by taking one of the children and carrying it off, thus forcing her to follow with her remaining child. There was sufficient evidence to justify the court in not withdrawing from the jury the question of punitory damages.

The fourth instruction was properly refused under the

**4. RAILROADS: counties in which suits against may be brought.** authority of *Dixon v. Hannibal & St. Jo. R. R. Co.*, 31 Mo. 410, and Wag. Stat., § 28, p. 294.

The sixth of defendant's instructions was properly refused, because there was no evidence to support it, and for

**5. ———: instructions.** the reason hereinbefore given, sustaining the action of the court in not receiving evidence to show the regulation of the company in regard to the stoppage of trains at Utica. We have been cited to the case of *Pittsburgh, &c., Ry. Co. v. Nuzum*, 50 Ind. 141, as authority against the action of the court in giving plaintiff's third, and refusing defendant's sixth instruction. In that case the plaintiff had purchased a ticket from Union City to Sweetser, and the conductor of the train on which he was being carried having refused to stop at Sweetser and let him off, he sued for the injury. The answer of de-

22–68

fendant admitted the facts stated in the petition, and set up, by way of justification, that defendant ran two daily trains from Union City to Sweetser, which stopped at the latter station, and also a through train from Columbus to Chicago which was not allowed to stop at Sweetser, and that it was upon this latter train that plaintiff had taken passage. On the issue thus presented in the answer, it was held that it was the duty of a passenger to inform himself when, where and how he could go or stop, according to the regulations of the company's trains, and that if he made a mistake, which was not induced by the company, he had no remedy. It was also held that when a passenger is induced by the company to take a train which, according to its regulations, does not stop at a particular station, it is the duty of the company to let him off at such station notwithstanding the regulation. Stress was also laid upon the fact, that it was set up in the answer, that the train which plaintiff entered did not stop at Sweetser, and that defendant ran two other daily trains that did stop there.

In the case before us no such issues are presented in the pleadings, and the questions arising in that case do not arise in this. Besides this, if it had been alleged in the answer of defendant that by its regulations, the train upon which Mrs. Hicks entered, did not stop at Utica, her uncontradicted evidence that she was induced to enter the train by defendant's servants, would, under the principle announced in the case of *Pittsburgh, &c., Ry. Co. v. Nuzum, supra,* give her a right of action for any injury sustained by reason of the failure of defendant to stop at said station and let her off. Judgment affirmed, the other judges concurring.

AFFIRMED.