## SOMMERFIELD, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, December 13, 1904.**

1. **LIMITATIONS: Common Carriers: Wrongful Expulsion of Passenger.** An action by a passenger for expulsion from a street car by the conductor who refused to receive proper transfer checks tendered by the plaintiff, is not an action for assault and battery and the limitation of time for bringing such suit is determined by section 4273 of the Revised Statutes of 1899 and not section 4275.

2. **CARRIERS OF PASSENGERS: Wrongful Expulsion of Passenger: Tender of Fare.** Where a passenger on a street car requested and received from the conductor a transfer check for the car he wished to take, such a transfer check, in the absence of evidence to the contrary, must be presumed to be regular and to entitle the passenger to passage on the car to which he was transferred.

3. ———: ———: **Punitive Damages.** A passenger on a street car, who has tendered his fare, which the conductor rejected, expelling him from the car, has an action against the street railway company for unlawful expulsion from the car, and where the expulsion is attended with a wanton and willful disregard of the plaintiff's right, exemplary damages may also be allowed.

4. ———: ———: **Manner of Conductor: Element of Damages.** In an action against the street railway company for damages caused by such wrongful expulsion, an instruction which authorized the jury, in assessing plaintiff's damages, both actual and punitive, to take into consideration the manner and demeanor of the conductor toward plaintiff and his companion was erroneous.

5. ———: ———: **Malice.** In such an action, where punitive damages are demanded, express malice can rarely be proven directly, but may be inferred from the willful doing of a wrongful act, such as the expulsion of the passenger without justification or excuse.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas*, Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann* and *Crawley & Jamison* for appellant.

(1) Defendant's objection to the introduction of any evidence under the first count of the petition should have been sustained on the ground that the cause of action therein sued on was barred by the statute of limitations. Book v. Railway, 75 Mo. App. 604; Breen v. Transit Co., 102 Mo. App. 489, 77 S. W. 78; R. S. 1899, sec. 4275. (2) But we insist that the instruction in the nature of a demurrer to the evidence as to the first count of plaintiff's petition should have been sustained, for the further reason that there is an entire failure of proof. The evidence shows that neither plaintiff nor his sister examined the transfer slips given them by the first conductor, and, they being the only witnesses, there is, of course, no evidence that said transfers were, in fact, such as to entitle them to continue their ride on the second car. Turner v. McCook, 77 Mo. App. 196; Sira v. Railway, 115 Mo. 133, 21 S. W. 205; 2 Wood's Railway Law, sec. 355. So, when plaintiff tendered the second conductor a transfer slip which plaintiff did not know to be right, and which the conductor refused on the ground that it was not right, and plaintiff then declined either to pay fare or leave the car, said second conductor had the lawful right to eject him from the car, using no more force than was necessary for that purpose. Shular v. Railway, 92 Mo. 339; Randall v. Railway, 102 Mo. App. 342, 76 S. W. 493.

*Wm. L. Bohnenkamp* for respondent.

(1) Plaintiff's action is not for assault and battery, nor is it simply an action for breach of contract to carry the plaintiff; but it is what was formerly denominated an action on the case, founded on the defendant's breach of duty as a common carrier of passengers for hire on its cars. Exemplary damages may be al-

lowed in such actions. Malecek v. Railroad, 57 Mo. 17; Parker v. Shackelford, 61 Mo. 68 (2). The plaintiff, who was defendant's passenger, is entitled to recover both actual and exemplary damages, if he was wrongfully and maliciously ejected on the theory set forth in his petition. Evans v. Railroad, 11 Mo. App. 463; Hicks v. Railroad, 68 Mo. 329; Kellitt v. Railroad, 22 Mo. App. 356; Claybrook v. Railroad, 19 Mo. App. 432; Logan v. Railroad, 77 Mo. 663; Stoneseifer v. Sheble, 31 Mo. 243.

## STATEMENT.

Plaintiff declared upon two counts, on the second of which the jury returned a verdict for defendant; and awarded plaintiff $50 actual damages and $300 punitive damages on his first count, which was worded as follows:

"Plaintiff states that the defendant is now and was at all times hereinafter mentioned, a corporation duly incorporated under the laws of the State of Missouri, and as such engaged in the conveying of passengers for hire in the city of St. Louis, Missouri.

"That on or about the first day of July, 1900, the plaintiff was a passenger on one of the defendant's westbound cars of the Easton avenue division or line operated on Franklin avenue in said city, and with him was his sister, who was also a passenger on said car; that plaintiff gave to the conductor of said car, who at that time was a servant of the defendant, and in charge of said car, ten cents in payment of his own fare and that of his sister and requested the said conductor to give to the plaintiff transfer checks for himself and said sister, for and on to the Cass avenue division and line of defendant's street railway cars operated on Seventh street in said city, which said transfer checks plaintiff avers entitled him, plaintiff, and his said sister, to a continuous ride on the street railway cars of the defendant to their

destination, No. 2243a Cass avenue in said city, and
that said defendant thereby undertook and agreed with
plaintiff as such carrier of passengers, aforesaid, to con-
vey plaintiff and his said sister carefully and peacefully
to their destination; that immediately after plaintiff
and his said sister transferred from said car of the Eas-
ton division and line of defendant on Franklin avenue
to said car on the Cass avenue division and line of said
defendant on Seventh street at the point of intersection
of said Seventh street and Franklin avenue, the plain-
tiff offered said transfer checks to the conductor of said
car at that time a servant of defendant in charge of
said car, but that said conductor refused to accept the
same and demanded another cash fare, which cash fare
plaintiff refused to pay and asserted his right to said
continuous ride on said transfer checks, to which asser-
tion said conductor failed to assent and caused said car
to be stopped at or near Seventh and Wash streets, and
then and there unlawfully ejected him, the said plain-
tiff, and his sister off the said car; and plaintiff avers
that by reason of the facts aforesaid said defendant
committed a breach of its duty, as a carrier of passen-
gers for hire, and that of all the acts of the said con-
ductor were willfully, wantonly, and unlawfully and ma-
liciously done by said defendant's conductor and em-
ployee while said conductor was discharging his said
duties as conductor aforesaid, and while the said con-
ductor and employee aforesaid was acting within the
scope of his said employment by defendant to plaintiff's
damage.

"Wherefore, plaintiff prays judgment against said
defendant for the sum of five hundred ($500) dollars
actual, and one thousand ($1,000) dollars exemplary
damages."

The answer was a general denial with a plea of the
two years' statute of limitation applicable to actions for
assault and battery. At trial the plaintiff and his sister

testified substantiating the allegations of the petition, detailing that the plaintiff had asked the conductor of the Easton avenue car for transfers for the Cass avenue division of the defendant and without examining them had tendered those received to the conductor of the Cass avenue line, who had roughly, with insult and abuse, refused to accept them, demanding payment of fares, and declining to assign any reason for such rejection; at Seventh and Wash streets, after interchange of threatening and abusive language between the conductor and the plaintiff, the latter accompanied by his sister left the car. Defendant offered no testimony, but presented a demurrer to the evidence which was overruled, and the cause was submitted to the jury under the instructions requested by plaintiff, the court rejecting the instructions asked by the defendant.

REYBURN, J. (after stating the facts).—1. The plaintiff's case as stated in the trial court was not for assault and battery, but for a tortious ejection or wrongful ejectment from the car upon which he was rightfully a lawful passenger. There is no declaration upon an illegal assault on or violence inflicted on plaintiff's person, but averments of an illegal expulsion, willful and wanton, but without force, from the car upon which, by virtue of the transfer checks received from the previous conductor, and tendered to the Cass avenue conductor, plaintiff and his sister were entitled to be transported to their destination. Therefore, section 4275 of the statutes, providing for the limitation of time within which actions for assault, battery and other torts specified should be commenced, lacked application; but plaintiff's right of action, as pleaded, was not barred under section 4273, which comprehended it. The refusal, therefore, of the imperative instruction asked by defendant at close of the testimony, and the overruling of defendant's objection to the introduction of any evi-

dence at the threshold of the trial, alike constitute no error.

2. The court refused the following instruction tendered by defendant:

"The court instructs you that it is the duty of a passenger when he has tendered a transfer slip and the same has been for any reason refused, either to pay fare or quit the car peaceably, without offense or disturbance to other passengers, and then he can seek redress for whatever damage his rejection as a passenger may have caused him. In other words, the preservation of the public peace is of higher consideration in the eye of the law than the right of any citizen to so conduct himself as to cause the disturbance of other passengers upon the same car. And if in this case you find that the conductor afforded plaintiff an opportunity to leave the car quietly, and the plaintiff refused to go quietly and insisted on his right to remain notwithstanding the opportunity afforded him to get off quietly, then the court declares to you that plaintiff can not recover any sum whatever on account of the conductor taking hold of his arm in putting him off the car, nor on account of any supposed pain or suffering which the act of the conductor in taking hold of his arm may have caused him."

The testimony failed to disclose any proper cause inducing the conductor of the Cass avenue car to reject the transfer tickets and in reply to repeated questions of plaintiff for the reason of his refusal, he answered that that was his business and that he ran that car, and as the transfers were received by plaintiff in response to request for proper tokens of transfer and in due course from the first conductor, defendant's representative, the presumption, in absence of any opposite proof, must be indulged that they were regular and proper evidence of transfer entitling plaintiff and his sister to passage upon the second car, and that the conduct of the second conductor in refusing to receive them as substitutes for or in lieu of cash fares was improper and unwarranted.

The plaintiff was not confined in his recovery to actual damages; the law is firmly established that where the commission of a tort is attended with circumstances denoting malice, or oppression; or where the defendant acts willfully and with wanton disregard of the rights of others, exemplary or punitive damages may be allowed, as well for the punishment of the wrong inflicted as to deter repeated perpetration of similar acts. 2 Sutherland, Damages (3 Ed.), sec. 391. The propriety of allowing juries to award such class of damages in cases of unlawful eviction from vehicles of common carriers of passengers has been sanctioned alike by this court and the Supreme Court. Hicks v. Railroad, 68 Mo. 329; Malecek v. Railroad, 57 Mo. 1; Evans v. Railroad, 11 Mo. App. 356; Kellett v. Railroad, 22 Mo. 356. The cases relied on by defendant are instances where the elements of oppression, insult and abuse in aggravation of the wrong were wholly absent, and the agents enforcing eviction acted erroneously but in good faith and without force or violence.

The court gave the following instruction at plaintiff's instance:

"The court further instructs the jury that in assessing the plaintiff's damages under the first instruction given you, you may take into consideration in fixing the amount of damages, either actual or punitive, the manner and demeanor of the said conductor in ejecting said plaintiff and his sister from said car, if you find that he did so eject them, and the inconvenience and humiliation to which the plaintiff was subjected thereby."

Under the terms of this instruction the jury were permitted in estimating the award to be accorded plaintiff, both compensatory and punitive, to weigh the conduct and manner of the defendant's agent, its conductor, in enforcing the unlawful exclusion from the car, employed and directed toward, not only the plaintiff, but also toward his copassenger and companion as well, and both compensate and punish on such joint ac-

count; such serious misdirection can not be adjudged other than fatal and reversible error.

4. The fourth instruction for plaintiff was in the following language:

"The court instructs the jury that by the use of the word 'malice' in these instructions is meant ill-will or a desire to be revenged, and in passing upon the questions you should take into consideration all the facts and circumstances, as detailed by the witnesses on the witness stand and permitted to go to the jury in the evidence."

The stricture levelled at this portion of the charge, that there was no evidence of malice, is not tenable. Express or actual malice can but rarely be proven directly, but malice may be and commonly is inferred from the willful doing of a wrongful act and the state of facts disclosed in the present case justified the trial court in submitting such feature to the jury.

Judgment reversed and cause remanded. All concur.