LOGAN v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY,
*Appellant.*

1. **Railroads**: DAMAGES FOR THE EJECTION OF PASSENGERS: PLEADING. In an action based upon an alleged unlawful removal of plaintiff from defendant's train, he cannot recover damages for the manner in which it was effected, if it is found to have been justifiable.

2. ———: JUNCTION WITH ANOTHER ROAD: STATUTES: PASSENGERS. A railroad company owes no duty to a passenger on its road to stop the train at a station because a junction is there made with another road, unless he desire to be transferred to a train on such other road, in which case alone the statute, (G. S., p. 340, ¿ 29,) is applicable.

3. ———: PASSENGERS: TICKETS. A railroad company owes no duty to a passenger to stop the train at a station where, by its rules and regulations, such train is forbidden to stop, by reason of the mere fact that he has purchased a round trip ticket from such station to

another, and on his return presents the same to the conductor and demands that the train should be stopped at such station.

4. ———— : ———— : ———— : PLEADING.  Where a petition alleged that the plaintiff entered a train by virtue of a round trip ticket from one station to another and return, and this allegation was denied by the answer, it was *held* that it might be shown that under the rules and regulations of the company, plaintiff had no right by rea₋ son of such ticket to enter such train, and that he was so informed by defendant's agent when the ticket was purchased; that such evidence was relevant to the issue, such ticket not purporting to be a complete contract; and that it was not necessary to such issue that the rules and regulations should have been pleaded.  *Hicks v. H. & St. Jo. R. R. Co.*, 68 Mo. 329, distinguished.

5. ———— : EXEMPLARY DAMAGES FOR THE EJECTION OF PASSENGERS.  A passenger is not entitled to exemplary damages for an ejection from a railroad train where the conductor acts in good faith, with no malice to the passenger, and uses only such force as is necessary for his removal, although he may be mistaken as to his duty and the plaintiff's rights.

6. ———— : PASSENGER REFUSING TO PAY FARE.  A passenger refusing to pay fare beyond a certain station, at which he has no right to require the train to be stopped, may, before such station is reached, be lawfully removed at the station nearest thereto at which, under the company's regulations, such train is permitted to stop.

7. SEPARATE OPINION BY NORTON, J., concurring, upon the sole ground of error by the trial court in refusing to receive evidence that plaintiff, after purchasing his ticket and before entering the train, was informed by defendant's agents that it did not entitle him to ride in the train from which he was ejected.

*Appeal from Livingston Circuit Court* —HON. E. J. BROADDUS,
                        Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*L. H. Waters* for respondent.

HENRY, J.—By this action plaintiff seeks to recover damages for his ejection from a train of defendant's cars, at Chillicothe, he having purchased a ticket from Laclede, east of Chillicothe, to Kansas City and return.  The ticket

was purchased on the 8th day of August, 1876, and it was on his return that he was removed from the train. The facts, as disclosed by the record, are, that after the train left Kansas City, at the North Missouri Junction, the conductor informed plaintiff that he had taken the wrong train, that he should have taken the morning train, that his train did not stop at Laclede, and he could not let him off there, but would let him off at Chillicothe west, or Brookfield east of Laclede, from which latter station he could return that night on another train; that plaintiff insisted on his right to be carried to and let off at Laclede. When the train reached Chillicothe, plaintiff, still insisting upon his right to be carried to and let off at Laclede, and refusing to get off at Chillicothe, or to pay fare to Brookfield, was ejected from the train.

There was testimony tending to prove that the conductor was insolent to plaintiff, and that more than necessary force was used to put him off. It was also shown that the defendant's road and the Chicago, Burlington & Southwestern Railroad formed a junction at Laclede. The defendant offered evidence, which the court excluded, to show what the rule of the company was at that time with regard to round trip tickets, and that under the rule, train No. 4, on which plaintiff took passage, was not permitted to stop at Laclede, and that when plaintiff purchased his ticket, the agent informed him that he must not get on that train to return, because it did not stop at Laclede. The defendant also offered the defendant's time table, showing that train No. 4 was not permitted to stop at Laclede at the time plaintiff purchased his ticket, which was also excluded. The trial resulted in a judgment for plaintiff for $1,200, from which this appeal is prosecuted.

Apart from the ejection of plaintiff from the train, the other behavior of the conductor, of which he complains, constituted no cause of action against the defendant. It could only be considered in aggravation of damages in connection

1. RAILROADS: damages for the ejection of passengers: pleading

with an unlawful removal of plaintiff from the train. If his ejection was lawful, then, even if more force and violence than necessary were used, plaintiff cannot recover in this action, because it is based upon an alleged unlawful removal of plaintiff from the cars. *Johnson v. R. R. Co.,* 46 N. H. 213. If his removal was justifiable, and he would recover damages for the improper manner in which it was effected, such should be the cause of action alleged in his petition.

The case, therefore, turns upon the question of the conductor's right, and duty to the company, to put plaintiff

2. ——: junction with another road: statutes: passengers. off at Chillicothe. It is contended that inasmuch as defendant's road and the Chicago, Burlington & Southwestern Railroad formed a junction at Laclede, it was the duty of defendant, under section 29, General Statutes, 340, to stop all its passenger trains at Laclede to enable passengers to get on and off That section has no application to passengers, other than those who desire to transfer from a train on one of the roads to a train on the other. That is the language of the section, and it can be invoked against the company in behalf of no one except a passenger who wishes to make such a transfer. A passenger whose destination is Laclede may take the chance of such a stoppage, if there are others on the train who desire to transfer but the company owes him no duty to stop there for his accommodation.

With respect to plaintiff's right to have the train stop at Laclede to let him off, Thompson in his work on Car-

3. ——: passengers: tickets. riers of Passengers, page 65, says : "A ticket cannot be said to be either the contract or to contain the contract. The settled opinion is, that it is a mere receipt, taken, or voucher adopted for convenience to show that the passenger has paid his fare from one place to another. A contract for transportation may therefore be proved independently of the terms of the ticket." At page 66, he says : " It is the duty of the passenger to as-

certain what train will stop at his destination. Therefore a passenger who purchased a ticket to a station at which local trains stopped, but through trains did not, was not entitled to enter the first train due after he purchased his ticket, and demand of the conductor that it stop at his station, when by the regulations of the company, it was not permitted to do so, as it was a through train." That " railroad companies may make reasonable regulations as to the mode of their performance of their duties as carriers of passengers," is well settled. *Johnson v. R. R. Co.*, 46 N. H. 213; *Cheney v. R. R. Co.*, 11 Met. 121; *Cleveland, etc., R. R. Co. v. Bartram*, 11 Ohio St. 457; *Pittsburg, etc., R. R. Co. v. Nuzum*, 50 Ind. 141. In the latter case it was held that: " The duty of the railroad company to the public requires that she should run her trains according to her rules and regulations, without infringing them to accommodate a single passenger," and that "it is the duty of a person about to take passage, to inquire when, where and how he can go, or stop, according to the regulations, and if he makes a mistake, not induced by the agent of the company, he has no remedy."

A railroad operated at random, without fixed rules and regulations to be observed in its management, would be a nuisance and a terror to the country through which it might pass. The probability that innumerable accidents and injuries would result from such a reckless mode of moving trains, requires the adoption and strict enforcement of reasonable regulations for their operation and management. A departure from such rules and regulations which should occasion an injury to a passenger who is presumed to take passage with reference to them, would render the company liable to such passenger in damages; and this liability cannot co-exist with the right of a passenger to have the train stop at a station at which, by the regulations of the company, such train is not permitted to stop. The court erred in refusing to permit the defendant to prove the rules and regulatoins of the company and the informa-

tion given to plaintiff by the ticket agent when plaintiff purchased his ticket.

Nor was it necessary that the rules and regulations should have been pleaded. *Farmers & Mechanics' Bank v. Transportation Co.*, 16 Vt. 52; Lawson on Usages and Customs, 133. The petition alleges that plaintiff entered the train "by virtue of his ticket," and the answer denied all the allegations in the petition. "That plaintiff entered by virtue of his ticket," was denied, and the evidence excluded was relevant to that issue. The ticket was not the contract for transportation, and on the authorities above cited, the defendant had the right to show that under the contract for transportation, plaintiff had no right to a passage to Laclede on that train. The evidence offered, if admitted, would have tended to disprove the entire cause of action stated by plaintiff in his petition.

*Hicks v. Hann. & St. Jo. R. R. Co.*, 68 Mo. 329, is cited as announcing a different doctrine. The allegation of the petition in that case was that: "Mrs. Hicks and her two infant children were received by defendant into its passenger train at Kansas City, to be carried to Utica, she having purchased a ticket for passage between said points." This was specifically denied. The testimony for plaintiff was that the agents of defendant, after she purchased her ticket, told her to take that train and assisted her and her children to get aboard. The evidence excluded was, that that train, under the rules of the company, was not permitted to stop at Utica. It was wholly immaterial what the rules of the company were, with respect to that train, if the agent of defendant told Mrs. Hicks to take passage on it for Utica, and the evidence excluded, if not supplemented by other testimony contradicting that of plaintiff as to the conduct of the agents at Kansas City, could not have changed the result, and its exclusion could not have prejudiced the defendant. But if it was competent for plaintiff to prove that she was told by the agent that she should take that

*(margin note: 4. ——: ——: ——: pleading.)*

train, we cannot see why, upon principle, it was not competent for defendant, not only to contradict that evidence by direct proof that such information was not given, but by any evidence tending to show that her ticket did not entitle her to passage on that train.

The instructions Nos. two, three, five and seven, asked by defendant and refused, should have been given. Nos.

5. ——: exemplary damages for the ejection of passengers. two, three and seven declared the law as herein announced, and No. five declared that the jury should not award exemplary damages, unless the defendant's employes used more force than necessary to eject plaintiff from the train, or acted from a willful and malicious spirit, intending to wrong and injure him, and outrage his feelings. The plaintiff had been told that he would not be let off at Laclede, and must leave the train at Chillicothe. If he had done this, he could have maintained his action against defendant, if he had the right he claimed. By refusing to do so he subjected himself to the mortification he suffered from being publicly removed from the train, and that is not a matter to be considered in such a case in estimating his damages. *Chicago, Burlington & Quincy R. R. Co. v. Parks*, 18 Ill. 460. If the conductor acted in good faith, with no malice toward plaintiff, and used only such force as was necessary to eject him, although mistaken as to his duty and plaintiff's right, it is no case for vindictive damages. *Fink v. Alb. & Susq. R. R. Co.*, 4 Lansing 147.

The first instruction given for plaintiff is erroneous. It declares that "if plaintiff had a ticket to Laclede, the

6. ——: passenger refusing to pay fare. defendant's conductor had no right to put him off his train, until the train had passed Laclede station, and plaintiff had refused to pay his fare to the next station at which the train would stop." This would compel the conductor to carry him beyond the point to which he had paid fare. He had no legal right on that ticket to a passage for any distance beyond the station to which he had paid his fare. If he was lawfully ejected

he had no right to be carried on that train to Laclede. If he had paid or tendered the fare from Laclede to Brookfield, the conductor had no right to remove him from the car, but refusing to pay the additional fare at Chillicothe, the only station west of Brookfield at which he was permitted to stop the train, the conductor had a right to put him off at that station. If the conductor was not permitted to stop at any station or elsewhere between Chillicothe and Brookfield, could the plaintiff, by his own wrong, compel him to stop between Laclede and Brookfield? He must either stop at a place or station where he is forbidden to stop by the regulations of the company, or without additional fare, carry plaintiff to Brookfield, the next stopping station.

The judgment is reversed and the cause remanded.

NORTON, J.—I concur in the result of the above opinion upon the sole ground that the court erred in refusing to permit defendant to show that plaintiff, after the purchase of his ticket and before he entered the train in question, was informed by the agents of defendant that it did not entitle him to ride or take passage on the train from which he was ejected.