S. P. CLAYBROOK, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 23, 1885.

1. DAMAGES—RULE AS TO IN CASE OF EJECTION OF PASSENGER FROM TRAIN IN GOOD FAITH AND WITHOUT MALICE.—In the case of ejection of a passenger from a railroad train, if the conductor acted in good faith, with no malice toward plaintiff, and used only such force as was necessary to eject him, although mistaken as to his duty and plaintiff's right, it is no case for *vindictive* damages.

2. RAILROADS—PURCHASE OF ROUND-TRIP TICKET—RIGHTS OF PURCHASER THEREUNDER—CASE ADJUDGED.—Where one purchased a round-trip ticket on a particular day, he acquired no right to ride on any particular train, and he acquired no right to ride upon any particular class of trains, unless the ticket so stated, or the agent of the railroad company so informed him at the time of the purchase. By the purchase of the ticket he acquired only the right to ride, subject to the reasonable regulations of the railroad company. (The court expresses no opinion as to the reasonableness of the regulation in this case).

APPEAL from the Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action brought by plaintiff to recover damages for his ejection from the caboose of one of defendant's freight trains near Macon. On the 29th of May, 1882, the plaintiff purchased a ticket from defendant's agent at Calao, from Calao to Macon and return. It was on plaintiff's return from Macon on June 3, 1880, that he was ejected from the train.

The answer alleged and the evidence showed that on May 20, 1882, the defendant adopted and promulgated to its agents and the general public the following rule : "On and after June 1, 1882, no person will be permitted to ride on any freight train of this company unless provided with a freight train order, issued especially for the train upon which he is to take passage. Such order may be procured from any regular ticket agent for regular freight trains only, and are .issued subject to the conditions thereon, and persons applying for the same are requested to fully acquaint themselves with said conditions before purchasing. Local and coupon tickets will not be accepted for passage on freight trains. Freight train conductors are not authorized to collect fares on trains, but are instructed to eject passengers not provided with freight train orders."

The answer alleged and the defendant's witnesses testified that a printed notice of said rule was posted in defendant's stations at Calao and Macon, on May 20, and kept so posted from that day until after June 3. The plaintiff testified that he had not seen such notices and knew nothing of the rule at the time of the purchase by him of the ticket on May 29, and that the defendant's agent from whom he purchased the ticket did not inform him of the rule.

The "orders" called for by the rule of defendant, entitling persons to ride on its freight trains, were on hand and for sale by the ticket agent at Macon, on June 3.

From the plaintiff's testimony it clearly appeared that before entering the caboose he asked the ticket agent at Macon whether the return ticket had by him would entitle him to ride to Calao in the caboose, and that he was informed that it would not, and that he was informed by either Morrow or Dr. Owens, or both of them, that unless he got a freight ticket he would be put off.

There was no evidence whatever tending to show that the conductor did not act in good faith, or that he acted with malice, or that he used any force in ejecting the plaintiff from the caboose. Upon this point the plaintiff testified, "he stopped the train and came around. Don't think he said anything. I think I spoke first and said, 'has this train stopped for me to get off?' and he said 'yes,' and I got off. There was no feeling as far as I was concerned about the matter. I told him I supposed he understood his duty. Was not feeling hard towards him. He stopped the train and said I must get off. I done so and walked back to town and staid up until midnight and bought a permit and went home."

At the request of the plaintiff the court gave the following instructions to the jury:

"1. It is admitted that on the 29th of May, 1882, at Calao, Missouri, the plaintiff purchased of defendant a round-trip ticket to Macon City and return—good at the time upon any train—freight or passenger, that carried passengers, and unlimited in its terms. Therefore, if the jury believe from the evidence that, without any knowledge or information of the change of rules advertised to take place on the first of June, 1882, restricting the carrying of passengers upon freight trains unless the passenger purchased a special kind of freight ticket, the plaintiff purchased his round-trip ticket, and traveled to Macon City upon it, and retained the return half until Saturday, June 3, 1882, and then boarded, at Macon City, one of defendant's freight trains that regularly carried passengers between Calao and Macon City, and that de-

fendant's agent, the conductor, put plaintiff off said train, for the reason he did not have a special freight train ticket, as required by the rules of June 1, 1882, then the jury should find a verdict for plaintiff."

"2. If the jury find for plaintiff they should assess his damages at such sum as they may believe from all the evidence will compensate him for his outlay of money caused by his ejectment and his loss of time, as well as what they may find will compensate plaintiff for his humiliation and mortification resulting from his ejectment, not exceeding in all one thousand dollars."

The jury, under the instructions, found for plaintiff, and assessed his damages at the sum of twenty-five dollars. The defendant has brought the case here by appeal.

STRONG & MOSMAN, for the appellant.

I.   Defendant had the right to make and enforce such reasonable rules and regulations for the transaction of its business, as, in its judgment, were necessary for the successful, convenient and safe conduct thereof. 1 Rorer on Railroads 227, note 2; *Hibbard v. R. R. Co.*, 15 N. Y. 455; *Logan v. R. R. Co.*, 77 Mo. 667; *Johnson v. R. R. Co.*, 46 N. H. 213; *R. R. Co. v. Nuzuon*, 50 Ind. 141. The *reasonableness* of such rules is a question of law for the court to decide. *R. R. Co. v. Whittemore*, 43 Ill. 420; *Tracy v. R. R. Co.*, 9 Boswell (N. Y.) 396.

II.  It was plaintiff duty, when about to take passage on the train, to inquire when and how he could go, according to the regulations. *Logan's case, supra; Nuzum's case, supra.* Passengers are bound to conform to the regulations. *R. R. Co. v. Kendrick*, 40 Miss. 374. If plaintiff knew of the rule as to freight train permits before he entered the caboose he cannot recover. *Faulkner v. R. R. Co.*, 55 Ind. 369; *R. R. Co. v. Patterson*, 63 Ill. 304; *Lane v. R. R. Co.*, 5

Lea (Tenn.) 124; *Johnson. v. R. R. Co.*, 46 N. H. 213 ; *R. R. Co. v. Greenwood*, 79 Pa. St. 373.

III. The ticket bought by plaintiff was not the contract and did not contain a contract. *Logan's case, supra* ; Thompson on Carriers of Passengers, 65. Plaintiff was not entitled to enter any particular train which passed, especially one in which a special permit was required, as in this case. *Ib.*

IV. The conductor had no power to consider anything beyond his orders, and ejection from the train was not wrongful under the circumstances in proof. *Mosher v. Ry. Co.*, 17 Fed. Rep. 880 ; *Hall v. R. R. Co.*, 15 Fed. Rep. 57. If the ejection was lawful, it is no matter, if only necessary force was used. *Johnson v. R. R. Co.*, 46 N. H. 213.

V. The damages are excessive. Malice was neither averred nor proved and punitive damages were not allowable. *R. R. Co. v. Hoefflitch*, 62 Md. 300 ; 3 Sutherland on Damages, 270, note 4; *R. R. Co. v. Starnes*, 9 Heiskell 52; *Robinson v. Musser*, 78 Mo. 153 ; *Marshall v. R. R. Co.*, 78 Mo. 610 ; *R. R. Co. v. Scurr*, 59 Miss. 456 ; *R. R. Co. v. Wright*, 68 Ind. 597.

VI. The instructions for plaintiff should not have been given. The demurrer to the evidence should have been sustained. The motion for new trial should have been sustained. The judgment should be reversed without order remanding the cause.

No brief on file for respondent.

## I.

HALL, J.—The judgment herein must be reversed. The second instruction, given for plaintiff, told the jury that if they found for plaintiff, they might find for him such sum as would "compensate plaintiff for his humiliation and mortification resulting from his ejectement * * *." For this, that instruction was erroneous.

In *Logan v. R. R. Co.* (77 Mo. 669), it is said : "If the conductor acted in good faith, with no malice toward

plaintiff and used only such force as was necessary to eject him, although mistaken as to his duty and plaintiff's right, it is no case for vindictive damages.''

## II.

In the first instruction given for the plaintiff, the court seems to have assumed that defendant's regulation, in question, was reasonable. Treating that assumption as proper, we think that that instruction was erroneous.

By purchasing the round-trip ticket on March 29, the plaintiff acquired no right to ride on any particular train (*Logan v. R. R. Co., supra*), and it would seem to necessarily follow that he acquired no right to ride upon any particular class or classes of trains, unless, of course, the ticket so stated, or the defendant so informed plaintiff at the time of the purchase. The plaintiff, by the purchase of the ticket, acquired only the right to ride subject to the reasonable regulations of defendant. *Logan v. R. R. Co., supra.* We can perceive no difference between the regulations existing at the time of the purchase of the ticket and those made subsequent thereto. The real question, as we think, was: "Did the plaintiff know, at the time he entered the caboose, that his ticket did not, under the reasonable regulations of defendant then in force, entitle him to a passage therein?" If he did so know, he was properly ejected from the caboose for failure to comply with those regulations.

The instruction was erroneous in confining plaintiff's knowledge of defendant's regulations to the time of the purchase of the ticket.

We do not feel called upon to express an opinion as to the reasonableness of defendant's regulation in requiring the purchase of the ticket, in proof, with its peculiar conditions. And upon that question we express no opinion.

For the error mentioned under the first point, the judgment is reversed, and the cause is remanded. All concur.