28        85 MISSOURI APPEAL REPORTS,

Tangner v. S. W. Mo. Elec. Ry. Co.

HERMAN G. TANGER, Respondent, v. SOUTHWEST MISSOURI ELECTRIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, June 4, 1900.

1. **Passenger Carriers: WANTON ACT OF SERVANT.** A carrier is responsible for the malicious and wanton acts of his servant to a passenger, whether done in the line of his service or not, if done during the course of the discharge of his duty to the master which relates to the passenger.

2. ————: ————: **PLEADING: INSTRUCTION.** The petition charged the carrier's servants with forcing the passenger from the car by wrongfully and wantonly assaulting. etc. Held, it would support an instruction that although the carrier was justified in putting the passenger off by reason of his offensive conduct, yet he would be liable, if he used more force than was reasonably necessary. Cases reviewed.

3. ————: ————: **RATIFICATION: PUNITIVE DAMAGES.** Where the carrier's servant wantonly assaults the passenger in removing him from the car and the carrier after knowledge thereof retains the servant in his employment, he ratifies the act and is liable to punitive damages.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) Under the petition in this case defendant was not liable, and plaintiff was not entitled to introduce any evidence as defendant is not liable for the wilful and malicious trespass of the conductor, nor for his crimes. McKeon v. Railway, 42 Mo. 79, 88; Jackson v. Railway, 87 Mo. 422,

430; Hays v. Railroad, 15 Mo. App. 583, 584. (2) Instruction number 2, given for plaintiff was given without anything in the petition upon which to base it. Having stated in his petition a case of unlawful removal, he can not recover for the improper manner of his removal. Logan v. Railroad, 77 Mo. 663, 666. And defendant's instructions numbers 8 and 9 should have been given. (3) The measure of damages as stated in the instruction given for plaintiff was erroneous in this case, it appearing from the evidence that the conductor was acting in good faith and believed he had the right to put plaintiff off. Under the evidence plaintiff was not entitled to recover exemplary damages. Booth on Street Railways, sec. 1110, p. 558. To warrant exemplary damages, malice, oppression or wanton recklessness must be shown. Kennedy v. Railroad, 36 Mo. 351, 365; McKeon v. Railway, 42 Mo. 79. (4) The act must be unlawful and also wanton or malicious, or in other words an unlawful act coupled with an intentional wrong. Perkins v. Railroad, 55 Mo. 201, 213; State to use v. Jungling, 116 Mo. 162, 165; Goetz v. Ambs, 27 Mo. 28; Engle v. Jones, 51 Mo. 316; Newman v. Railroad, 2 Mo. App. 407; Claybrook v. Railroad, 19 Mo. App. 436; Kellett v. Railway, 22 Mo. App. 357; Nelson v. Wallace, 48 Mo. App. 194; Clark v. Fairley, 30 Mo. App. 339, 340; Prueitt v. Quarry Co., 33 Mo. App. 22, 23; Logan v. Railroad, 77 Mo. 669.

*Thomas & Hackney* for respondent.

(1) The petition states a good cause of action. The defendant railway company is responsible for the malicious and wanton acts of its conductor, D. and motorman. Eads v. Railway, 43 Mo. App. 536, loc. cit. 545; Farber v. Railway, 116 Mo. 91; Haehl v. Railway, 119 Mo. 325, loc. cit. 339; Farber v. Railway, 139 Mo. 283; Perkins v. Railway,

55 Mo. 201. (2) The trial court committed no error in giving the second instruction asked by plaintiff. The injury occasioned by the excessive force and violence was clearly embraced within the issues tendered by the petition and the answer. Perkins v. Railway, 55 Mo. 201-208. If the conductor exceeded the bounds of reasonable force he was then guilty of criminal assault. 2 Am. and Eng. Ency. of Law (2 Ed.), 985; Perkins v. Railroad, *supra*. (3) Exemplary damages, in addition to the actual damages, are recoverable in this case. Haehl v. Railroad, 119 Mo. 325; Perkins v. Railroad, 55 Mo. 201; Graham v. Railroad, 66 Mo. 536; Malecek v. Railroad, 57 Mo. 17.

ELLISON, J.—Plaintiff was a passenger on defendant's electric railway. He was assaulted and ejected from the car while en route between Joplin and Carthage. He recovered judgment in the circuit court.

The evidence in behalf of plaintiff tended to show that he was a passenger and was standing on the back platform of the car with another passenger. That the other party accidentally stepped on the end of the trolley rope causing the pole to leave the wire. That thereupon the conductor came hurriedly to the platform and began to demand in profane language to know if there was not room enough to ride inside the car. On the plaintiff informing him that he had not disturbed the trolley he began to use insulting language towards plaintiff, took hold of him by the throat, choking him badly and finally, with the assistance of the motorman, put him off the car and threw the fare which plaintiff had paid him onto the ground. The evidence further tended to show that plaintiff's throat was injured and required attention afterwards from a physician.

The evidence was amply sufficient to support the ver-

dict and we have only to consider the conduct of the trial as guided by the court.

The petition stated that plaintiff was a passenger and charged defendant's servants with forcing him from the car on to the ground by wrongfully and wantonly assaulting, beating and choking him. It stated a cause of action. Defendant contends that it is not liable for the wanton act of the servant, outside of his employment, but as we stated in Eads v. Railway, 43 Mo. App. 545: "The carrier is responsible for the malicious and wanton acts of the servant to a passenger whether done in the line of his employment or service or not, if done during the course of the discharge of his duty to the master which relates to the passenger. For he owes him, as before stated, not only carriage, but protection also, and if he furnishes a servant who, instead of protecting, insults or assaults, or beats the passenger, he has directly failed of his duty to the passenger." See, also, Buswell on Personal Injuries, sec. 34. "The relation (of carrier and passenger) places the carrier under the obligation to carry the passenger safely and properly, and treat him respectfully; and holds him responsible for the conduct of his servants, to whom he entrusts the performance of his duty. He is bound to protect his passengers, from violence and insults by strangers and co-passengers, and a fortiori against the violence and insults of his own servants." Farber v. Railway, 116 Mo. 91.

Plaintiff's instruction number 2, declared that although plaintiff may have conducted himself so offensively as to justify the defendant's servants in putting him off, yet if they used more force in doing so than was reasonably necessary defendant was still liable. Defendant contends that this was not justified by the petition. That the petition is for a wrongful and unauthorized removal, while the instruction permits a recovery if the removal was proper, if it was im-

properly accomplished, and the case of Logan v. Railway, 77 Mo. 663, is relied upon. We are of the opinion that that case does not support defendant's point. In the report of that case the petition is not set out, but we gather from what is said that it was merely for being unlawfully ejected from the car, without reference to the manner of its being done. And it is held that in such case, based on such pleading, there can be no recovery for a lawful removal effected with more force than was necessary. But in this case, the petition not only states an unlawful removal, but also a removal in an unlawful way, that is, by violent, assaulting, choking and beating. The Logan case is bottomed on that of Johnson v. Railway, 46 N. H. 223, where it stated: "the plaintiff claims to recover simply for his removal from the cars, and not on account of the manner of his removal, and, as he refused to pay his fare, his removal was perfectly justifiable."

So, therefore, while the mere removal of plaintiff might have been justifiable or lawful, yet when done by excessive force, evidenced by violent and unnecessary beating, it became unlawful and gave plaintiff a cause of action, though he was without right to remain longer on the car.

The verdict of the jury determined that the conductor's act was wanton and the record discloses that defendant retained him in his employment after a knowledge of his willful and wanton conduct. It must be held, therefore, to have ratified his act and to be liable to punitive damages. Rouse v. Railway, 41 Mo. App. 298. Since that case the supreme court of this state has held the corporation liable without the element of previous authority or subsequent ratification. Haehl v. Railway, 119 Mo. 325. The supreme court of the United States, at about the same time, in an exhaustive opinion, stated the rule in this respect as it is stated in the Rouse case. Railway v. Prentice, 147 U. S. 101.

We have not discovered any error justifying an interference with the judgment and it is therefore affirmed. *Smith, P. J.*, concurs; *Gill, J.*, absent.