O'DONNEL, Respondent, v. ST. LOUIS TRANSIT
COMPANY, Appellant.

**St. Louis Court of Appeals, February 2, 1904.**

1. **CARRIER OF PASSENGERS: Assault by Conductor: Liability of Company.** Where a conductor, while in charge of one of the cars of a street railway company, willfully assaulted a passenger on such car, the company, though a corporation, was liable in an action for damages caused by such assault.

2. ——: ——: **Instructions.** In an action by a passenger against a street railway company for damages caused by the assault of defendant's conductor, the instructions set out at length and held properly to declare the law.

3. ——: ——: ——: **Excessive Verdict.** Where the assault was willful and the conductor kicked the plaintiff in the mouth, knocking out three teeth, a verdict for one thousand dollars was not excessive.

4. ——: ——: **Measure of Damages.** Plaintiff's damages were not to be measured by the loss of three teeth and the wound to the gum only, but he was entitled in addition to compensation for the pain and suffering caused by the injury and for the disgrace and humiliation he was subjected to by reason of the assault.

Appeal from St. Charles Circuit Court.—*Hon. E. M. Hughes*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) Plaintiff's instruction No. 1 is erroneous in that, while purporting to state the conditions upon which plaintiff's right to recover is predicated, it omits essential elements to such recovery. The question of the servant's authority, duty, or scope of employment was not submitted in any of the instructions.

Voegeli v. Marble & Granite Co., 49 Mo. App. 643; Garretzen v. Duenckel, 50 Mo. 104; Snyder v. Railroad, 60 Mo. 413; Farber v. Railroad, 116 Mo. 81; Haehl v. Railway, 119 Mo. 325; Sherman v. Railroad, 72 Mo. 62; Jones v. Packet Co., 43 Mo. App. 398; Hartman v. Muehlebach, 64 Mo. App. 565; Todd v. Harlan, 72 Mo. App. 565; Jackson v. Railroad, 87 Mo. 422; Wood on Master and Servant, sec. 307; Shear. & Redf. on Negligence, sec. 147. (2) Plaintiff's instruction No. 2 is erroneous in that it refers the jury to the petition to determine under what conditions defendant would be liable for the assault. Grant v. Railway, 25 Mo. App. 232; Proctor v. Loomis, 35 Mo. App. 1; Live Stock Com. Co. v. Hunter, 91 Mo. App. 333.

*T. F. McDearmon* and *John Dempsey* for respondent.

(1) Plaintiff's instruction No. 1 is not erroneous, for, while it states the conditions upon which plaintiff's right of recovery is predicated, it also refers the jury to the other instructions given that they may determine whether the conductor had a sufficient cause or provocation therefor. Schroeder v. Michel, 98 Mo. 43; O'Neill v. Blase, 94 Mo. App. 648. (2) A corporation is responsible for an assault committed by its servants, even outside the scope of his employment, when a duty is imposed upon such corporation to provide for the safety and protection of the person assaulted, arising from contractual relations. Malacek v. Railroad, 57 Mo. 18; Pendleton v. Kinsley, 3 Cliff. (U. S.) 416; Bryant v. Rich, 106 Mass. 189.

BLAND, P. J.—Omitting caption, the petition on which the cause was tried is as follows:

"That on the eighth day of September, 1902, he entered an Olive street car of said defendant company, paid his fare and demanded a transfer to Jefferson avenue; that when he reached Jefferson avenue he left the

said Olive street car and at the crossing of Jefferson avenue and Olive street boarded a car going north along Jefferson avenue; that while standing on the lower step of said car, and when the said car had reached a point between Olive and Locust street on said Jefferson avenue, the conductor in charge thereof, being at the time an agent and servant of said defendant, emerged from said car and stepping upon the platform thereof, without a word of warning, kicked the plaintiff in the mouth and face and knocked out three of his teeth.

"Plaintiff says that by reason of the acts of defendant's agent and servant as aforesaid he lost three front teeth, was insulted and humiliated, and in consequence, and as a direct result of said wrongful acts, suffered great pain of body and anguish of mind.

"Plaintiff further says that said assault was unlawful and without provocation; that the said defendant's agent or servant as aforesaid, attacked him with anger, rudeness and insolence, and that by reason of the premises, plaintiff has sustained actual damages in the sum of five thousand dollars, and by reason of the unlawful and unprovoked assault upon plaintiff, he claims punitive or exemplary damages in the further sum of five thousand dollars.

"Wherefore plaintiff prays judgment for ($5,000) five thousand dollars actual and five thousand dollars ($5,000) punitive damages, and for his costs."

The answer is as follows:

"And for a further answer and defense, defendant says that at the time and just before it is alleged that the conductor kicked the plaintiff, the said plaintiff was approaching the conductor in a threatening attitude, so that the conductor had reasonable cause to believe, and did believe, that said plaintiff was about to attack him with a knife or other deadly weapon, and that said conductor did then kick plaintiff, in the necessary defense of his own person; and immediately thereafter the said plaintiff did draw and exhibit the knife which the

conductor apprehended the plaintiff was about to draw upon and assault him with. Defendant further says that said conductor used no more force than was necessary for his own protection, and was acting in the defense of his own person, and was not in such act discharging any duty within the course of his employment for defendant.

"And, having fully answered, defendant asks to be hence dismissed with its costs."

The reply was a general denial.

Plaintiff offered evidence tending to support the allegations of the petition. The defendant offered evidence tending to support the defense set up in the answer.

The court instructed the jury for plaintiff as follows:

"1. The jury are instructed that an assault and battery consists of an intentional injury actually done by violence to the person of another in an angry or revengeful, rude or insolent manner, and the degree of bodily pain and injury, if the assault and battery are proved and are without provocation, is only important as affecting the measure of damages. If the jury believe from the evidence that the conductor, Lawrence, was employed by the defendant and was in charge of one of its street cars on the eighth day of September, 1902; that plaintiff was a passenger upon said car or that he was boarding said car with the intention of becoming a passenger thereon; that the said conductor, without sufficient cause or provocation therefor, as explained in the other instructions given, kicked the plaintiff in the face and knocked out his teeth, or any of them, and that by reason thereof the plaintiff has suffered any damage, then the jury should find for the plaintiff.

"2. The jury are further instructed that if they believe and find from the evidence that the conductor,

Lawrence, assaulted plaintiff and kicked him in the face causing him to lose one or more of his teeth, as charged in the petition, then they should find a verdict in favor of plaintiff, unless they further believe from the evidence that such assault and kick when done were reasonably and apparently necessary in defense of a threatened attack upon the said conductor by the plaintiff, and that said conductor in kicking said plaintiff used no more force than appeared to him at the time to be reasonably necessary to protect himself from the threatened attack by plaintiff—if you find the plaintiff did so threaten to attack the said conductor.

"3. The jury are instructed that if you find and believe from the evidence that the plaintiff is entitled to recover in this case, then, in assessing his damages, the jury are at liberty to take into consideration the extent of plaintiff's injuries, so far as they have been shown by the evidence, the pain and suffering endured by him, if any, in consequence of such injuries, and award damages to compensate him for such injuries in such sum as the jury may deem proper in view of all the facts and circumstances proved on the trial.

"And the jury are further instructed that in an action for assault and battery, the insult and indignity inflicted upon the plaintiff by a kick in the face, given with anger, rudeness or insolence, without reasonable cause as explained in other instructions (if you find the conductor did so assault the plaintiff) constitute an element of damages, and the jury in assessing damages, may consider as an aggravation of the wrong the mental suffering and mortification of feeling of the plaintiff arising from the insult and indignity of the assault.

"4. The jury are instructed, that if you find and believe from the evidence that Lawrence was the conductor and in charge of a passenger car operated and controlled by defendant, and that while acting as such conductor and in charge of said car, he willfully, wantonly and maliciously assaulted the plaintiff, who was

'at the time a passenger upon said car, or was entering said car with the intention of becoming a passenger thereon, then in such case the jury are at liberty, in addition to actual damages sustained by plaintiff, if you find that he did sustain damage, to assess against defendant additional damages, in such sum, not exceeding five thousand dollars, as you may find and believe will serve as an example to prevent the repetition of such conduct, and you will state the amount of actual and exemplary damages awarded separately in your verdict, if you find.''

The following were given on the part of defendant:

''1.  Even though you may find from the evidence that defendant's conductor kicked plaintiff, still, if you further believe from the evidence that said conductor so kicked plaintiff in the necessary defense of his person from an assault or threatened attack of plaintiff, and that in so defending himself he acted upon the reasonable appearances as they presented themselves to him at the time and used force as appeared to him to be reasonably necessary to repel the threatened assault of plaintiff, if any, then plaintiff can not recover, even though you may further find from the evidence that in so repelling said assault or threatened attack said conductor used more force than was actually necessary.

''2.  The court instructs the jury that while it was the duty of defendant company, through its agents and employees, to treat plaintiff courteously while on its car so long as plaintiff properly demeaned himself, still, if you find from the evidence that plaintiff attempted to assault defendant's conductor and made demonstrations of assaulting him, then the court declares to you that said conductor then had the legal right to defend himself against such threatened assault by whatever means or in whatever manner to him seemed reasonably necessary from the facts and circumstances surrounding them at the time, and in defending himself from such

threatened assault said conductor was not bound to nicely gauge the amount of force necessary to repel his assailant and to protect himself from threatened injury, but had the legal right to act upon the reasonable appearances as they presented themselves to him, and, if he so acted, that it is immaterial that he may have used more force than was actually necessary to repel such threatened assault, and if you find that the injury complained of in plaintiff's petition was inflicted upon him by the defendant's conductor in defense of his person, as defined in this instruction, then your verdict must be for the defendant.

"3. The court instructs the jury that if the plaintiff has made, as a witness in his own behalf before you, any statements adverse to his interest, such statements, for the purpose of this trial, must be taken as true, in so far as said statements are adverse to the plaintiff."

The jury found for plaintiff and assessed his damages at one thousand dollars for which judgment was rendered. Defendant appealed.

The evidence is all one way that the conductor, who assaulted the plaintiff, was in charge of one of defendant's street cars running north on Jefferson avenue, and that he was receiving passengers thereon and making stops to allow others to alight therefrom. The conductor, therefore, at the time of making the assault, was engaged in the service of defendant as its agent, and as such owed to plaintiff the duty to receive and protect him as a passenger; instead he assaulted and beat him. That a principal, though a corporation, is, in such circumstances, liable for the tort of his agent, is the well-established law of this State. State ex inf. v. Fireman's Fund Ins. Co., 152 Mo. 1; Spohn v. Railway, 122 Mo. 1; Spohn v. Railway, 116 Mo. 617; Tangner v. Railway, 85 Mo. App. 28.

The instructions given by the court properly declared the law of the case and are not open to the criticisms we find in the brief of counsel for defendant.

We do not regard the damages as excessive. They were not to be measured by the loss of three teeth and the wound to the gum only, but in addition the plaintiff was entitled to compensation for the pain and suffering caused by the injury and for the disgrace and humiliation he was subjected to by reason of the assault.

The judgment is affirmed. *Reyburn* and *Goode,* *JJ.,* concur.

