WILLIAM JONES, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, July 2, 1888.

1. PRACTICE—APPELLATE COURT—ERROR NOT ASSIGNED IN MOTION FOR NEW TRIAL.—Where error assigned here, was not assigned in the motion for new trial, this court cannot consider it.

2. ——— INSTRUCTIONS—WHEN SUFFICIENT—CASE ADJUDGED.—When there was no evidence in the case, as here, on which to predicate one of the issues (that of contributory negligence), in an instruction, it is not error to ignore such issue in the instruction. Besides another clause of it indirectly submitted the issue, in this case.

3. —— EXCESSIVE VERDICT—CASE ADJUDGED.—This court cannot say, in view of the evidence here, that the damages were so excessive as to justify its interference with the proper discretion of the jury and the trial court, since the verdict bears no evidence of prejudice or passion to invoke such interference.

APPEAL from Bates Circuit Court, HON. D. A. DEARMOND, Judge.

*Affirmed.*

The facts are stated in the opinion.

ADAMS & BOWLES, for the appellant.

I. The court erred in giving plaintiff's first instruction. It is too general and indefinite, and ignores the question of contributory negligence pleaded by defendant. The jury should have been instructed that they should take into consideration all the circumstances of the case, the means selected by the respondent for his transportation, the knowledge possessed by him of the dangers and inconvenience of that mode of carriage. *Price v. Railroad,* 72 Mo. 418, 419. And this error was not cured by any instruction asked by appellant. *Man. Co. v. Hudson,* 4 Mo. App. 145; *Bank v. Westlake,* 21 Mo. App. 565; *Brown v. McCormick,* 23 Mo. App. 181.

II. Passengers must take the responsibility of informing themselves of the every-day incidents of railway travelling. *Harris v. Railroad,* 89 Mo. 233; *Mitchell v. Railroad,* 51 Mich. 236; *Railroad v. Hazzard,* 26 Ill. 373; *Railroad v. Randolph,* 53 Ill. 511. The act of the conductor in receiving plaintiff's ticket did not bind him to stop his caboose at the station or at any place or in any manner than the particular exigencies of the service demanded. *Railroad v. Hatton,* 60 Ind. 12; *Railroad v. Randolph,* 53 Ill. 513; *Murch v. Railroad,* 29 N. H. 99 (9 Foster); *Mackey v. Railroad,* 27 Barb. 528; *Harris v. Railroad,* 89 Mo. 233.

III. Appellant's first instruction in the nature of a demurrer to the evidence should have been given. *Nelson v. Railroad*, 68 Mo. 593 ; *Kelly v. Railroad*, 70 Mo. 604 ; *Henry v. Railroad*, 76 Mo. 293 ; *Lennox v. Railroad*, 76 Mo. 86 ; *Powell v. Railroad*, 76 Mo. 80 ; *Murch v. Railroad*, 29 N. H. 99 ; *Macky v. Railroad*, 27 Barb. 528 ; *Railroad v. Goddard*, 25 Ind. 185, 189 ; *Railroad v. Lahey*, 10 Mich. 198 ; *Railroad v. Stemberg*, 17 Mich. 127 ; *Railroad v. Miller*, 25 Mich. 279 ; *Railroad v. Cambian*, 35 Mich. 471 ; *Snoboda v. Ward*, 40 Mich. 209 ; *Cockle v. Railroad*, L. R. 5 C. P. and cases cited ; *Eckard v. Railroad*, 30 N. W. Rep. 615.

IV. The court erred in compelling the appellant to go to trial, after the amendment of the petition changing the date upon which the injury occurred, and in overruling appellant's motion to make petition definite and certain. *Melvin v. Railroad*, 89 Mo. 106.

V. The damages are exorbitant and grossly excessive. *Railroad v. Hand*, 7 Kan. 380 ; *Railroad v. Millekin*, 8 Kan. 647 ; *Railroad v. Young*, 8 Kans. 659 ; *Railroad v. Peavey*, 29 Kans. 170 ; *Rose v. Railroad*, 39 Iowa, 256 ; *Railroad v. McAra*, 52 Ill. 296 ; *Spicer v. Railroad*, 29 Wis. 580.

Whitsett & Jarrott and Railey & Burney, for the respondent.

I. The instructions one and two given for the plaintiff were correct and proper. *Harris v. Railroad*, 89 Mo. 233 ; *McGee v. Railroad*, 92 Mo. 208 ; *Leslie v. Railroad*, 88 Mo. 50.

II. The defendant's conductor stopped the train, called out the name of the station, and directed plaintiff and other passengers to get off ; and before they had time to reach the door of the caboose, the train was suddenly jerked so as to throw plaintiff with great violence against the stove. This was gross negligence. *Dougherty v. Railroad*, 81 Mo. 325 ; *Coudy v. Railroad*, 85 Mo. 79 ; *Harris v. Railroad*, 86 Mo. 233.

III. It was not negligence for plaintiff to attempt to obey the orders and directions of the conductor under the circumstances of this case. Beach on Con. Neg., p. 173, and sec. 23, p. 71 ; Shearman and Redfield on Neg., sec. 282 ; Wharton on Neg., sec. 371 ; *Allender v. Railroad*, 43 Ia. 281 ; *Chance v. Railroad*, 10 Mo. App. 352 ; *Kelley v. Railroad*, 70 Mo. 608 ; *McGee v. Railroad*, 92 Mo. 218, 219 ; *Leslie v. Railroad*, 88 Mo. 50.

IV. Errors committed on the trial will not be noticed in this court unless the matter has been specifically called to the attention of the trial court by motion for a new trial. *Chapman v. White*, 52 Mo. 179 ; *Fickle v. Railroad*, 54 Mo. 219 ; *Sweet v. Maupin*, 65 Mo. 65 ; *State v. Burk*, 89 Mo. 635 ; *State v. Reed*, 89 Mo. 168.

V. Where freight trains are in the habit of carrying passengers, as in this case, a person admitted thereon as such is entitled to all the rights of a passenger ; and the company incurs the same liability to him for an injury received by its negligent or wrongful act as if it occurred on a regular passenger train. Rorer on Railroads, 986 ; *Edgerton v. Railroad*, 39 N. Y. 227 ; *Railroad v. Lockwood*, 17 Wall. 357 ; *Dillage v. Railroad*, 56 Barb. 30 ; *Hartwig v. Railroad*, 49 Wis. 358 ; *Brassell v. Railroad*, 84 N. Y. 241 ; *McGee v. Railroad*, 92 Mo. 208.

VI. The damages were not excessive. The court will not interfere with the verdict of the jury on the ground of excessive damages unless they are such as shock the understanding, and induce the conviction that the verdict was the result of passion, prejudice, partiality or corruption. Sedg. on Meas. of Dam. (4 Ed.) 713, and authorities ; *Railroad v. State*, 12 Am. and Eng. Ry. Cases, 149 ; *Railroad v. Pedigo*, 5 W. Rep. 876 ; *Railroad v. Falvey*, 1 W. Rep. 868 ; Thompson on Car. of Pas. 576, 585 ; *Whalen v. Railroad*, 60 Mo. 323 ; *Porter v. Railroad*, 73 Mo. 124 ; *Porter v. Railroad*, 71 Mo. 66 ; *Pritchard v. Hewitt*, 4 S. W. Rep. 437 ; *Waldhier*

*v. Railroad,* 87 Mo. 37; *Railroad v. Roddy,* 5 S. W. Rep. 286; *Sidekum v. Railroad,* 4 S. W. Rep. 701.

VII. An appeal wholly without merit justifies the conclusion that it was taken for delay, and the judgment should be affirmed, with ten per cent. damages. *Schwaner v. Boiler Co.,* 19 Mo. App. 534; *Cordell v. Bank,* 64 Mo. 600; *Utz v. Hoerr,* 20 Mo. App. 36; *Morrison v. Lehew,* 17 Mo. App. 633.

PHILIPS, P. J.—This is an action for personal injuries. The petition alleges, in so far as is here material to be stated, that, on the tenth day of October, 1885, the plaintiff took passage on one of defendant's freight trains to be carried from Pleasant Hill to Harrisonville, a distance of about twelve miles; that he paid the usual fare and that when they had arrived near the depot station at Harrisonville the conductor, or some agent or servant of the defendant, in charge, etc., announced "Harrisonville" station, and said "get off here," the train then having come to a standstill; that plaintiff, in obedience to this direction and information, arose from his seat, with all convenient speed, and started to leave the train; when without any warning the defendant's servants in charge of the train suddenly started the same with a violent jerk, throwing plaintiff down, and greatly injuring him, specifying the nature and character of his injuries; and laying the damages at ten thousand dollars.

The answer tendered the general issue, with a plea of contributory negligence on the part of plaintiff.

The evidence tended to show that defendant was in the habit of carrying passengers on this train between the designated points. The train had a caboose attached to the freight cars in which passengers rode. On this occasion there were several passengers on this train. When the caboose had reached a point about one hundred and fifty yards, or less, from the depot at Harrisonville station, it came to a stop. The plaintiff was then seated near the stove in the caboose. Some one, either the

conductor, or brakeman, apparently in charge, stepped from the platform into the car, whereupon plaintiff inquired of him, on his announcement of "Harrisonville," if he should get off, and the answer was "yes, get off," or something to that effect. Plaintiff rose from his seat to move to the door to leave the train, when, without any warning, the train gave a sudden jerk, throwing the plaintiff against the stove, and fracturing two of his ribs. This jerking of the car is described by the witness as being forcible and unusually violent. The evidence showed that plaintiff's injuries were painful, and in all probability are of a permanent character, disabling him from his ordinary labor.

The only pertinent evidence offered by defendant tended to show that in the handling of freight trains, or mixed trains, so called, more or less jerking is quite unavoidable; that this is caused by making the slack preparatory to uncoupling and shifting the cars, and starting.

For the plaintiff the court gave the following instruction, which is complained of:

"If the jury shall believe and find from the evidence that the plaintiff, at the time alleged in the petition, was a passenger upon one of defendant's freight trains from Pleasant Hill to Harrisonville, in Cass county, Missouri, and had paid his fare, and was received by defendant as such, without objection upon its part; that while plaintiff was a passenger as aforesaid, defendant's train, in charge of its agent and servants, came to a stop before reaching the depot or platform at its station at Harrisonville, and that one of defendant's agents and servants while said train was standing still, called out the name of said station of Harrisonville, and directed plaintiff and other passengers to get off there; and the plaintiff, believing that said announcement was intended as a direction for him to alight at said place, in obedience to such direction, arose from his seat, and started to alight from said train, and while so attempting to alight, the defendant, without giving plaintiff sufficient

time to alight, negligently and carelessly ran its engine and car violently against the said caboose, jarring it so that the plaintiff was knocked down and injured without any fault or negligence upon his part, your verdict should be for the plaintiff, in such sum as you may believe from the evidence he has sustained by such injuries."

The court gave every instruction asked for by defendant, presenting every phase of the law to which it was entitled.

The jury returned a verdict for plaintiff, assessing his damages at two thousand dollars. Defendant has appealed.

I. Appellant makes complaint of the action of the trial court in requiring him to go to trial immediately after an amendment of the petition as to the date of the injury. No such error is assigned in the motion for new trial; without which we cannot consider it. This has been so repeatedly held that we need not cite any of the numerous decisions.

II. The instruction given for plaintiff is criticised, because it ignores the contributory negligence set up in the answer. There are two sufficient answers to this: first, there was no evidence in the case on which to predicate such issue in an instruction, and, second, the matter is sufficiently submitted, because the instruction expressly directed the jury to find that plaintiff was "injured without any fault or negligence upon his part." This instruction was sufficiently full, as applied to the facts in this case. *McGee v. Railroad*, 92 Mo. 208, 219.

III. The only other contention made is, that plaintiff, in taking passage on a freight train, took upon himself all the hazard, inconveniences, and rules of the company incident to the running, management, and jerking of such trains. Concede it; the defendant had every advantage of such propositions of law in the instructions asked by it and given by the court. It is, however, a sufficient and complete answer to the whole argument of counsel, that the facts of this case do not

justify the application of the rules invoked by defendant. His injury was not the result of the ordinary method of running such trains ; the jerking which occasioned his injuries was not such as occurs in the running of the trains, and the necessary switching at stations, which a passenger must ordinarily expect and guard against. But the *gravamen* of this action is, that after defendant had brought its cars to a standstill, and advised its passengers to alight, and while they were obeying its invitation, it carelessly and negligently put its train in motion, whereby the injury came. Knowing, as its evidence shows it did, the liability of such a train to violently jerk, it was guilty of inexcusable negligence in telling its passengers to depart, and permitting the train to move and jerk while they were on their feet attempting to obey its directions. The passengers had a right to act upon the presumption that defendant would not move its cars under such circumstances until its passengers were clear of the caboose ; or, if the slack was then liable to occur in the process of stopping the car, it should have warned its passengers to look out for it, especially when this servant observed that the passenger was obeying his invitation to leave the car.

IV. Respecting the amount of damages allowed by the jury, we cannot say, in view of the evidence, that they were so excessive as to justify our interference with the proper discretion of the jury, and the trial court. Greater damages for much less serious injuries than the plaintiff's have been upheld by the Supreme Court. This verdict bears no evidence of prejudice or passion, to invoke our interference.

The judgment is affirmed. All concur.