35 631
90 495

BETTIE P. WARDEN and her husband, Respondents, v.
THE MISSOURI PACIFIC RAILWAY COMPANY,
Appellant.

### Kansas City Court of Appeals, April 15, 1889.

**Carriers of Passengers:** DUTIES OF: NEGLIGENCE: CONTRIBUTORY
NEGLIGENCE : SUFFICIENCE OF EVIDENCE. The contract of the car-
rier of passengers is to carry the passenger safely to the platform of
the depot at his destination ; and after a careful review of the
record in this case, with the authorities as to the legal questions
involved, there is no question but there is ample evidence to sus-
tain the charge of negligence against the defendant in inducing
and directing this plaintiff to alight at a place distant from the
station among various railroad tracks, cars, engines and ditches,
and in the midst of a dark and stormy night, by reason whereof
she was injured ; and like abundant evidence to justify the finding
that plaintiff was not guilty of contributory negligence.

*Appeal from the Cass Circuit Court.*—HON. C. W.
SLOAN, Judge.

AFFIRMED.

Statement of the case.

The defendant on the twenty-first day of July, A.
D. 1887, owned and operated the L. & S. division of the
Missouri Pacific Railroad Company. It also operated
the Missouri Pacific Railway. The passenger trains on
each road made connection at Pleasant Hill, the two
trains meeting on parallel tracks in front of appellant's
depot at its station at Pleasant Hill. Plaintiffs were
residents of Pleasant Hill. On July 21, A. D. 1887,
plaintiff, Bettie P. Warden, with her husband, pur-
chased tickets and boarded the passenger train at
Harrisonville for Pleasant Hill. They were received as
passengers. When the train arrived within about two

hundred yards of appellant's depot at Pleasant Hill, the train stopped and the porter on the passenger train called out the name of the station, "Pleasant Hill." Respondent arose from her seat, thinking she was at the depot. She went to the door of the car. The porter came to her and said, "Get off on this side," pointing to the side he was on. The porter had his stool and lantern. He took respondent's valise and assisted her to alight from the car. When she stepped to the ground she attempted to make her way to the depot. She found that she was between two trains. The train she had left was moving in one direction and the St. Louis train in another direction. A storm was raging at the time; it was very dark, and the rain was falling in torrents. Plaintiff was carrying a valise and her husband was carrying a little girl about two years old. In the darkness Mrs. Warden was separated from her husband. In trying to get to the depot she fell down an embankment adjoining the railroad track into a pool of mud and water. She climbed up the embankment onto the track and fell again in front of another train. During all of this time plaintiff was doing all in her power to get to the depot. The ground over which she was compelled to walk was covered with water six inches deep. She fell a number of times. In falling her clothing was torn and saturated with mud and water. She finally arrived at the Atlantic Hotel, which is within a few feet of appellant's railroad. She contracted a severe cold; had a nervous chill. Immediately after said accident she was attacked with uterine hemorrhage, and has been a sufferer and invalid ever since. Plaintiff's husband was a physician and no other medical attendant was called until several weeks after the accident. The tendency of the evidence was that Mrs. Warden had sustained serious and perhaps permanent injuries.

The place where defendant stopped its train and invited plaintiff to alight was a rough, if not an unsafe and inconvenient, place for passengers to alight. It was a place where the trains were passing east and west; where the ground was then covered with water six inches deep, and near an embankment into which respondent fell; where there were no lights, and at a point about two hundred yards from appellant's depot. The conductor and porter both testify that they thought they had stopped at the depot, and intended that respondent should alight at that place.

Appellant's defense was a general denial, and that respondent was guilty of contributory negligence.

The case was tried by a court without a jury. The court gave all the declarations of law asked by the appellant, except those in the nature of a demurrer to the evidence.

The court found the issues for respondent, and assessed her damages at one thousand ($1,000) dollars.

*Robert Adams* and *Thomas B. Buckner*, for appellant.

(1) The appellant insists that the case at bar should be reversed, because, under the evidence, the respondent was not entitled to recover. This is the doctrine of other courts, and there seems to be no decision of this state which will justify a contrary opinion. See cases directly in point. *Robst v. Railroad*, 2 McArthur R. p. 42; *Forsythe v. Railroad*, 103 Mass. 510. (2) The fact that respondent's husband and a number of other passengers reached the depot in safety, is proof that she was guilty of some contributory negligence.

*Whittsitt & Jarrott*, for respondents.

(1) It is the duty of common carriers of passengers for hire, to provide reasonable and safe accommodations

at its stations for the convenience of its passengers in alighting from its trains, and to deliver them at such stations. A failure to deliver passengers at carrier's depot, or a failure to provide a safe and convenient place for the passenger to alight from the carrier's car, is culpable negligence, for which the carrier is liable. Hutch. Car., sec. 602 ; Sherman & Redfield Neg., secs. 12, 280 ; *Kelley v. Railroad*, 70 Mo. 604 ; *Dors v. Railroad*, 59 Mo. 27 ; *Winkler v. Railroad*, 21 Mo. App. 99 ; *Dawson v. Railroad*, 2 A. & E. R. R. Cases, 134, 497 ; 21 A. & E. R. R. Cases, p. 223 ; Patterson Railway Accident Law, sec. 254 ; *Railroad v. Hoagland*, 3 A. & E. R. R. Cases, p. 436.    (2) A passenger has the right to alight from the car when things indicate that the train is at his stopping place ; to presume that the train has stopped at a place where he may safely alight, and no court can, as a matter of law, declare him guilty of contributory negligence in alighting from a train in a dark night after the customary signal for stopping at his known destination, and the train has fully stopped near the usual alighting place. *Railroad v. Buck*, 96 Ind. 346 ; 18 A. & E. R. R. Cases, pp. 234, 237, 241. (3) It is held in *Cookle v. Railroad*, 27 L. T. ( N. S.), and in many others, that where the stop is made at a dangerous place near the usual station and about the usual time for stopping, that the carrier should warn the passengers not to leave the train, or should apprise them of the dangerous place. *McLain v. Burbank*, 11 Minn. 270, 233 ; *Mainey v. Talmadge*, 2 McLean, 164 ; *Long v. Colder*, 8 Penn. St., 483.    (4) " Railroad companies must have safe and convenient landings on which safe and convenient egress from cars may be made by their passengers, must stop their trains in such position that egress therefrom may be made onto such platform or such place of landing, and if stopped short, or run past and stopped beyond such landing places and there cause passengers to leave train, they will be liable for

injury." 1 Rowe on Railroads, 479, sec. 3; *Hatwig, Adm'r, v. Railroad,* 49 Wis. 358; *McDonald v. Railroad,* 26 Iowa, 124. (5) "Where one, without his fault, through the negligence of another, is put in such apparent peril as to cause terror, loss of self-possession and bewilderment, and as a natural result thereof he, in attempting to escape, puts himself in such more dangerous position and is injured, the putting of himself in such more dangerous position is not in law contributory negligence that will prevent a recovery." *Mark v. Railroad,* 16 N. W. Rep. p. 367; *Wilson v. Railroad,* 3 N. W. Rep. 333, or 66 Minn. 278. (6) The case of *Brown v. Railroad,* 3 A. & E. R. R. Cases, p. 444, and *McGee v. Railroad,* 92 Mo. 208, are directly in point with the case at bar.

GILL, J.—The foregoing statement of the case we have taken almost entire from that of the plaintiff, as we find by reading the record, it is in the main a fair presentation of the same. To say the least, the evidence tends very strongly to sustain such statement, and since, on this appeal, we are only called upon to pass on the legal effect of the reasonable tendency of plaintiff's evidence, we are justified in adopting a statement of what that evidence tends to prove.

Defendant's counsel ask a reversal of this case on the ground that under the evidence she was not entitled to recover, that, in any event, plaintiff was guilty of contributory negligence.

Upon a careful review of this record, with the authorities as to the legal questions involved it appears that it may be well doubted if this appeal was taken in good faith. There is no question but there is ample evidence to sustain the charge of the negligence as against the defendant, in inducing and directing this passenger to alight at a place distant from the station, among various railroad tracks, cars, engines and ditches

and in the midst of a dark and stormy night, when the railway company had contracted to carry her safely to the depot platform at Pleasant Hill. And, to say the least, there is no want of evidence tending to show that by reason of this alleged negligence plaintiff, Mrs. Warden, was injured ; and further there was abundant evidence to justify the trial judge in finding, as he did, that Mrs. Warden was not guilty of contributory negligence which deprived her of her right of action against the defendant.

The plaintiff's case was fully made out under the law announced in the following authorities : Hutch. on Car., secs. 615, 616 ; *McGee v. Railroad*, 92 Mo. 208 ; *Winkler v. Railroad*, 21 Mo. App. 99 ; *Kelley v. Railroad*, 70 Mo. 609 ; *Railroad v. Buck*, 96 Ind. 356 ; and authorities there cited and discussed. In addition see cases as to contributory negligence in such case. *Wilson v. Railroad*, 3 N. W. Rep. 333 ; *Mark, Adm'r, v. Railroad*, 16 N. W. Rep. 367 ; *Railroad v. Buck, supra*, p. 360, etc.

The two decisions cited by appellant's counsel, one from the District of Columbia ( 2 McArthur, p. 42 ) and one from Massachusetts ( 103 Mass. 510 ) do not cover the points of the case at bar, and do not warrant the defendant's contention here.

We see no reason, whatever, for disturbing the judgment of the circuit court, and the same is therefore affirmed. The other judges concur.