Griffith v. The Mo. Pac. Ry. Co.

GRIFFITH v. THE MISSOURI PACIFIC RAILWAY COMPANY,
*Appellant.*

1. **Pleading:** PRACTICE. Where a petition states facts which constitute but a single cause of action in one count, but contains superfluous and redundant matter that might be stricken out on motion, there is no error in overruling a motion to elect.

2. **Railroads:** NEGLIGENCE. The action of a conductor who, on a dark night, promised to transfer a shipper of stock from his freight train going east to one going west, at a regular station which was presumably a safe place, but instead transferred him at a different and dangerous place, without notifying him of the change or warning him of danger, the shipper being injured while passing hurriedly from one train to the other by falling into a deep water way constitutes gross negligence, and the railroad company is liable for the injury.

3. —— : ——. The failure of the shipper, to see the water way between the tracks, to which his attention had not been called, and where he had a right to presume he was safe while attempting to reach the west-bound train, which had begun to move, did not constitute contributory negligence on his part.

4. —— : ——. Evidence of the condition of the water way which caused the accident either before or after it occurred should not have been received, but as its admission could not have affected the result of the issue, it affords no ground for reversing the judgment.

5. —— : —— : VERDICT, EXCESSIVE. In an action against a railroad company for personal injuries, where the plaintiff was a strong, active man, engaged in the management of a large farm, and had his leg broken in two places, from which he was confined to his bed for three months, suffered great pain and was permanently injured, one leg being shorter than the other and the knee stiff, a verdict for nine thousand dollars will not be set aside upon the ground that it is excessive.

*Appeal from Henry Circuit Court.*—HON. J. B. GANTT, Judge.

AFFIRMED.

*Thos. J. Portis, Wm. S. Shirk* and *Thos. G. Portis* for appellant.

(1) The demurrer to the evidence should have been sustained. Plaintiff's own undisputed evidence shows that he was guilty of contributory negligence, directly tending to produce the accident. After he had safely alighted from the train, and while passing from one train to another, he walked into the creek with his own lighted lantern in his hand. Having been safely landed from his train, he was bound to look where he went. As he had already furnished himself with a light, it was not incumbent on defendant to furnish him a light from one train to another. By the exercise of reasonable or ordinary care he would have avoided the injury. *Henry v. Railroad,* 76 Mo. 288; *Lenix v. Railroad,* 76 Mo. 86; *Powell v. Railroad,* 76 Mo. 80. Plaintiff was guilty of negligence, if he did not see the creek, provided he could have seen it by exercising ordinary care. His light did not go out until after he fell into the creek, for he says, "I saw by the light of my lantern I was in a creek." *Buesching v. Gas Light Co.,* 73 Mo. 219; Thomp. on Neg., sec. 4, p. 1149 and cas. cit.; *Murch v. Railroad,* 29 N. H. 9; *Mackey v. Railroad,* 27 Barb. 528; *Hassinger v. Railroad,* 48 Mich. 209. (2) The advice and direction of the conductor to get off the train, on which plaintiff then was, cannot be said to be the proximate cause of his injury. He was not driven from the train. He left of his own free will, and for his own purposes, as he himself testified. He might have remained if he chose. He was safely landed, and of his own volition walked into the creek, in attempting to pass from one train to the other. This voluntary action on the part of the plaintiff and his consequent injury cannot in any legal sense be said to have been occasioned by the defendant. *Henry v. Railroad,* 76 Mo. 293. (3) It was error to permit the plaintiff to testify, that

the creek or water way, in to which he fell, had since been covered over, and it was error for the trial court to refuse to strike it out after the witness so testified. *Ely v. Railroad*, 77 Mo. 34; *Salters v. Railroad*, 3 Hun. 348; *Payne v. Railroad*, 9 Hun. 526; *Dougan v. Trans. Co.*, 56 N. Y. 1; *Dall v. Railroad*, 73 N. Y. 468; *Hudson v. Railroad*, 8 A. & E. R. R. Cas. 464; *Chicago v. Powers*, 42 Ill. 169; *Stoher v. Railroad*, 91 Mo. 504. (4) It was likewise error for the lower court to permit the witness Hart, to testify as to the condition of the ground and the creek or ditch, in 1881, three years before the accident occurred. *Railroad v. Eubanks*, 31 A. & E. R. R. Cas. 176. (5) The damages are grossly excessive. The plaintiff has fully recovered, except that his left leg is slightly shorter, as is the case in all fractures of that member, and his knee is partially stiff. A verdict of nine thousand dollars, for such an injury, clearly indicates that the jury were actuated by passion or prejudice. (*a*) The damages under the evidence can only be compensatory. There were no circumstances of wilfulness or wantonness, malice or a desire to injure. *Brown v. Road Co.*, 89 Mo. 152; *Perkins v. Railroad*, 55 Mo. 201. (*b*) The verdict cannot be supported on the ground that it was given as compensation for permanent injury. A partially stiffened knee is too slight an injury, though it may be permanent, to call for such heavy damages. The evidence does not show any peculiar or unusual loss of time, or bodily suffering, and he paid out nothing whatever for medical attention and nursing. *Railroad v. Dwyer*, 12 Pac. Rep. 352; *Sawyer v. Railroad*, 37 Mo. 265; *Clapp v. Railroad*, 19 Barb. 462; *Collins v. Railroad*, 12 Barb. 492; *Sweeny v. Railroad*, 12 Allen, 368; *Railroad v. McKean*, 40 Ill. 218; *Railroad v. Fillmore*, 57 Ill. 265; *Railroad v. Pondrum*, 51 Ill. 333; 1 Rorer on R. R. 735 and authorities; 1 Suth. on Dam. 810 and authorities; *Railroad v. Wilson*, 63 Ill. 167;

*Railroad v. Peavy*, 11 Am. & Eng. R. R. Cases, 260 ; *Railroad v. Finlayson*, 18 Am. & Eng. R. R. Cases, 68 ; *Railroad v. Hughes*, 69 Ill. 170.

*Fyke & Calvird* and *J. LaDue* for respondent.

(1) The demurrer to the evidence was properly overruled : (*a*) There was no plea of contributory negligence. *Harrison v. Railroad*, 74 Mo. 364 ; *Stevens v. City of Macon*, 83 Mo. 345 ; *Donovan v. Railroad*, 89 Mo. 147 ; *Mathews v. Railroad*, 26 Mo. App. 75 ; *Petty v. Railroad*, 88 Mo. 306 ; *St. Clair v. Railroad*, 29 Mo. App. 76. (*b*) Although plaintiff had safely alighted from the train, the injury having occurred immediately thereafter on defendant's premises while he was attempting to pass from one train to another at the suggestion, order and direction of the conductor, he is entitled to recover. *McGee v. Railroad*, 92 Mo. 208 ; *Hulbert v. Railroad*, 40 N. Y. 145 ; *Bennett v. Railroad*, 1 Am. and Eng. R. R. Cases, 71 ; *Hartwig v. Railroad*, 49 Wis. 358. (2) Plaintiff had a right to act upon the suggestion and direction of the conductor. The train stopped and plaintiff was informed that that was the place for him to take the returning train ; he had a right to presume that the place where he landed was sufficiently safe and proper for him to do so. *McGee v. Railroad*, *supra*, and cases there cited ; *Hulbert v. Railroad*, *supra*; *Chance v. Railroad*, 10 Mo. App. 351. (3) It was not error to permit the plaintiff to testify that the creek had been covered over since the injury, because : (*a*) There was no objection by defendant to the question. (*b*) The reason given for excluding the question was, that the same was immaterial and irrelevant, and tended to prejudice the jury, which does not amount to a specific objection to the testimony. *Margrave v. Ausmuss*, 51 Mo. 561 ; *Taussig v. Schields*, 26 Mo. App. 318 ; *Geer v. Redman*, 92 Mo. 375 ; *Holmes v. Braidwood*, 82 Mo. 610. (*c*) It

has been held in the following cases that such evidence is admissible : *Railroad v. Henderson*, 51 Pa. St. 315 ; *Railroad v. McElwee*, 67 Pa. St. 311 ; *McKee v. Bedwell*, 74 Pa. St. 218 ; *Martin v. Towle*, 59 N. H. 31 ; *Railroad v. Evanish*, 63 Tex. 54. (4) The objection to the question put to witness Hart, as to the condition of ground at Dewey switch in 1881, was properly overruled, because the only reason given for the objection was : "That the testimony is immaterial and irrelevant," which this court has repeatedly held is not such an objection as will be considered. See cases *supra*. Besides, the testimony as to the condition of the ravine in 1881 was admissible to show that it had been in that condition so long that defendant was likely to have notice of its dangerous condition. (5) The damages are not excessive. In an action for permanent injury to the person, the courts will not disturb the award of damages where the evidence tends to support the verdict. The verdict will not be set aside as excessive, unless the amount is so disproportionate to the injury as to evince prejudice or passion on the part of the jury. *Merrill v. City of St. Louis*, 12 Mo. App. 466 ; 2 Wood's Ry. Law, 1226, note 2, 1238 ; *Dephe v. Railroad*, 38 Iowa, 592 ; *Drain v. Railroad*, 86 Mo. 583 ; *Waldhier v. Railroad*, 87 Mo. 48 ; *Price v. Railroad*, 71 Mo. 66 ; *Harrold v. Railroad*, 24 Hun. (N. Y.) 184 ; *Sheehy v. Railroad*, 32 Am. & Eng. R. R. Cases, 233. In assessing damages for personal injury the jury should consider the age, situation, bodily suffering and mental anguish of the person injured, and the loss sustained by him in consequence. *Whalen v. Railroad*, 60 Mo. 323.

BRACE, J.—Action for personal injuries. Damages laid at fifteen thousand dollars. Motion to require plaintiff to elect. Motion overruled. Answer, general denial. Demurrer to plaintiff's evidence. Demurrer overruled, and cause submitted to the jury on plaintiff's instructions and evidence, defendant offering none.

Verdict for plaintiff for nine thousand dollars. Defendant appeals and urges for reversal : That the court erred in overruling the demurrer to the evidence ; in admitting illegal evidence ; and that the damages are excessive.

I.   While the   petition contained a good deal of superfluous and redundant matter that might have been stricken out on motion, the facts therein stated constituted but a single cause of action, in a single count, and there was no error in overruling the motion to elect.

II.   The facts appearing in evidence are as follows : At the time plaintiff received the injuries of which he complains, there was at Dewey switch on the defendant's road, three or four miles west of Washington station, under the main track and switch and across the space of eight or ten feet between the tracks, a water way fifteen feet deep and eleven feet wide at the top, between rock walls uncovered between the tracks.   On the morning of the twenty-ninth of April, 1884, the plaintiff shipped two car-loads of cattle from Montrose in Henry county to St. Louis, and took passage on the same train with the cattle to see to and take care of them. About nine p. m. the train stopped for supper at Chamois, a station about ninety miles west from St. Louis. After supper plaintiff boarded the train, and discovered after it had moved a short distance, upon inquiry of the conductor, that his cattle were not in the train. By mistake they had been left at Chamois. The conductor said there was a tank twelve or fifteen miles further on, the mistake might be discovered and his cattle sent in the second section and he had better get off and wait for it. The train stopped at the tank. He got off, boarded the second section when it came along, inquired of the conductor and found his cattle were not on that section. At the next station, the conductor wired the agent at Chamois and afterwards informed the plaintiff that his

cattle had been unloaded at Chamois by mistake ; that there was a tank a few miles ahead, where west-bound trains watered ; that he had better get off there, where he would have to wait about an hour and a half for a train from the east, that the cattle might need his attention, and he had better get off and look after them ; this plaintiff at first refused to do but afterwards consenting, the conductor said, " you are too late we are past there now ; I will stop at Washington and let you off there." They were then about twenty miles west of Washington. The plaintiff laid down in the caboose to wait till the train got to Washington. The night was very dark. About midnight, the train stopped, the conductor came to him and said "Here is your train." He asked the conductor for a pass or statement. The conductor said there was no time for pass or statement, "be quick and get off." Plaintiff went out at the rear of the caboose, the west-bound train had commenced to move ; he alighted on the ground, started for the moving train and at the third step fell into the creek at the bottom of the uncovered water way between the tracks at Dewey switch and received the injuries of which he complains.

III. The proximate cause of the injury to the plaintiff was the act of the conductor in stopping the train with the caboose, in which plaintiff was a passenger, in close proximity to a place of danger and directing him to get off, knowing at the time that it was not the place where he had promised the passenger to let him off, and where he was expecting to get off in order to pass from the one train to the other, which place was at a regular station and presumably a safe one for him to get off and go from one train to the other, without either notifying him that he was at a different place, or warning him of the danger to which he would at that place be exposed in going from the one train to the other, or affording him any means of discovering its location, or

of avoiding the peril to which he was being exposed. For this act of gross negligence of its servant the defendant ought to be held liable as in the case of *McGee v. Railroad*, 92 Mo. 208 to which this case is closely analogous.

IV. That the plaintiff by the light of the dim lantern which he had of his own, in attempting on this dark night to reach the moving train distant only some eight or ten feet from him, and to which his attention would naturally be directed, did not discover between the two tracks, where he had every right to presume he was safe, the yawning chasm into which he fell, is no evidence of negligence contributory to his injury. If he had been warned of the existence of this peril, then there might be some ground for this suggestion of contributory negligence on his part.

V. In many cases, where negligence consists in the condition of the *locus in quo* at the time of the injury, it is important to confine the evidence to the time, place and circumstances of the injury as near as may be, as was the case in *Stoher v. Railroad*, 91 Mo. 509, and *Ely v. Railroad*, 77 Mo. 34. In this case, there was no question as to the condition of the place at which the injury occurred, at the time of the occurrence and it was perhaps superfluous to show its condition either before or after the injury, and the court might well have excluded such evidence when offered in chief, but its introduction could not possibly have had any effect upon the result of the issue, and not affecting the merits of the case, its admission affords no ground for reversal. R. S. 1879, sec. 3775.

VI. The court by its instructions confined the jury to compensatory damages for the injuries plaintiff sustained. He was a strong, healthy, active man, engaged in the management of a large farm of between eight and nine hundred acres, with from one hundred and seventy-five to two hundred head of cattle and other stock. By

his fall his leg was broken at the thigh in two places, the lower break just above the knee. He was treated at the company's hospital in Sedalia, without expense. He laid at Sedalia nine weeks, and at home a month before he got up. Was unable to do anything for a year or to go out except on crutches, suffered intense pain, did not get a good set, the broken leg is shorter than the other, and the knee stiff. These injuries are permanent and materially interfere with the active duties of his calling. The damages assessed are large, but in the absence of any evidence of passion, prejudice, favor or corruption of the jury we cannot undertake to presume their existence from the amount of the verdict alone, and unless we could, there is no ground for reversal for excessive damages.

No reversible error appearing in the record, the judgment is affirmed. All concur, except SHERWOOD, J., absent; BARCLAY, J., in the result.